State vs. Banks.

No. 14,062.

STATE OF LOUISIANA VS. GEORGE BANKS.

SYLLABUS.

1. The rule is that the testimony of a witness taken at the preliminary examination cannot be used on the final trial without a showing of either the death, or the permanent absence of the witness from the State; and Act 123 of 1898, organizing the Criminal City Courts for the Parish of Orleans, does not change this rule.

2. An act will not be so interpreted as to give to its provisions an operation beyond the scope of its title.

3. A judicial record for the making of which the law provides, makes full proof of itself. Neither its execution, nor its contents, need be proved *aliunde*.

APPEAL from the Criminal District Court, Parish of Orleans— *Chretien, J.*

*Walter Guion,* Attorney General, and *J. Ward Gurley,* District Attorney (*Lewis Guion* and *S. A. Montgomery,* of Counsel), for Plaintiff, Appellee.

*Henry O. Hollander,* for Defendant, Appellant.

The opinion of the court was delivered by

PROVOSTY, J. Defendant was tried for robbery. The prosecution, after showing that a witness was absent, not *permanently absent,* from the State, offered in evidence his testimony taken at the preliminary examination under the provisions of Act 123 of 1898; and the defendant objected on the ground that until the absence of the witness had been shown to be permanent, his testimony was inadmissible. The judge let in the testimony, founding himself on the following clause in said Act 123, to-wit:—"When the testimony so taken is certified to by the stenographer and signed by the judge, it may be used as evidence in any subsequent judicial proceedings in case of the death or absence of the witness from the State." It is observed that the act reads, absent, not permanently absent, from the State.

We think that the objection was good. The title of Act 123 reads as follows:—

"An Act to provide for the organization of the First and Second City Criminal Courts of the parish of Orleans, providing for their officers and their duties, and for certain rules of procedure and the effects thereof in the cases within their jurisdiction."

The object of the act, as thus stated in its title, was to provide for the organization of the City Criminal Courts and for the regulation of procedure in the City Criminal Courts, not in the District Criminal Court. The act did not undertake to regulate procedure in the District Criminal Court, and cannot be held to have done so. If the clause in question, upon which the trial judge based his ruling, were construed to have the operation of regulating proceedings in the District Court, it would be construed to operate beyond the scope of the title of the act; that is, it would be construed into unconstitutionality. And it would be unconstitutional for the further reason that it would be establishing for the parish of Orleans a different rule from that which obtains in the State at large. It would be in the nature of a special law regulating the practice of a court and changing the rules of evidence, in contravention of Article 48 of the Constitution. We think

that by the clause in question nothing more was intended than to enunciate the rule of evidence that testimony taken at a preliminary examination becomes admissible on a subsequent trial in case of the death or permanent absence of the witness.

The defendant objected to the evidence on the further ground, "That no proof had been offered on behalf of the State that the testimony as read by the counsel for the State was a true and correct report, no witness or evidence having been placed on the stand that the witness Easton was sworn, or that the testimony had been read to the witness Easton after having been taken in stenographic notes at the preliminary examination." We think this objection was not good. The notes, if taken in conformity with Act 123, made full proof of themselves, being a judicial record, and did not need to be proved *aliunde*. The charge of the judge that the jury could find for any one of the lessor crimes included in robbery, was proper.

The admission of the testimony in question had the effect of vitiating the verdict.

It is therefore ordered, adjudged and decreed that the verdict and sentence herein be set aside, and that the case be remanded to be proceeded with according to law.