Statement of the Case.
MONROE, J.
The defendant in this case having been convicted of robbery, the conviction was set aside, on appeal, for the reason that the trial judge, founding himself on the provisions of Act No. 123 of 1898, had allowed the testimony given on the preliminary examination by one Easton, an absent witness, to be read in evidence, without requiring it to be shown that the absence of the witness was permanent, it being held by this court that the act in question, which is “An act to provide for the organization of the First and Second city criminal court,” etc., does not apply to the criminal district court, and does not change the rule of evidence that the absence of a witness whose testimony is offered must be shown to be permanent. State v. Banks, 106 La. 480, 31 South. 53. The case, having been remanded, was not again called for trial until after the lapse of a year or more, and the defendant was then convicted of petty larceny, and he has again appealed.
Upon the second trial the testimony of the witness Easton was again offered and admitted, as also the testimony (taken upon the preliminary examination) of the prosecuting witness, Mrs. Hippemeier, both of whom the judge a quo finds to have been permanently absent from the state. The counsel for the defendant urged the objection that the admission of the testimony would be “in violation of articles 6 and 9 of the Constitution of the state,” referring to so much of those articles as provides that the courts shall be open, that justice shall be administered without partiality or unreasonable delay, and that the accused in criminal prosecutions shall have the right to a speedy public trial,.and to be confronted with the witnesses against him.
In support of this objection, the state’s attorney was examined as a witness, and gave certain testimony, the following excerpts from which will fairly explain his position, to wit:
“I,had an understanding with him [referring to the husband of the prosecuting witness] that I would communicate with him, through a subpoena from my office, every few months to find out if his wife was getting any better or was getting in a condition to try this case. One time when he came to see me he said, ‘My wife will never be able' to appear in court.’ I told him the accused could not be convicted without her testimony, and he said, ‘She will never appear against him.’ I told him that we could not keep him in jail, as it was a hardship, and he said, ‘My wife is suffering more than he is suffering; her physician says if she appears in court it means her life.’ I kept in touch with him, and found that she got in no better condition, and I knew that I could never bring this accused to trial without her as a witness. Q. Did you ever tell the counsel that you would not bring the accused to trial until she left? A. I did not. * * * Q. You had fully made up your mind that you would not put this case down for trial until the prosecuting witness was absent? A. No, sir; I would not have put him on trial. She would not go to court, and without her testimony I had no case. Q. You never intended to try him as long as the prosecuting witness was here? A. I could not try him.”
In view of certain testimony given by the witness as to a conference or conferences with him, our brother of the district court thought it proper to make the following statement, which we find in the record:
“By the Court: The testimony of Mr. Montgomery shows that he had a conference in regard to this ease. The only conference I ever had with Mr. Montgomery was when an application was made to reduce the bond to $250. This I refused to grant. I thought that a reduction of the bond to $250 was much too small in the case pending against the accused. As to any portion of the facts of the case, particularly that portion in reference to Mrs. Havemeyer’s (Hippemeier) sickness, I never knew that the district attorney expected Mrs. Havemeyer to leave town permanently before the case was fixed. I was informed by the district attorney that Mrs. Havemeyer was sick, and could not attend court, and that therefore that was the *25 reason he had not fixed the case for trial. The practice in our courts is that the district attorney should fix all cases for trial, and the eases are never fixed by the judge, except-when a motion, In writing, is made by the defendant; otherwise the district attorney has absolute control of the fixing of the case. I have no recollection of any motion having been made to the court by the defendant to have the case fixed; therefore I had no control of the fixing of the case.”
It is not asserted by counsel for the defendant that he at any time moved the court to fix his client’s case for trial, but it is conceded that he requested the assistant district attorney (who had charge of the case, and who gave the foregoing testimony) to have it fixed.
Opinion.
We are of opinion that the defendant has failed to avail himself of the remedy within his reach, and that his present position cannot be sustained. It has been held by this court that under the present, as under the former, Constitution, the right guarantied to the accused to be confronted with the witnesses against him is accorded if he is so confronted upon his preliminary examination, or at any one of several trials, and is then afforded an opportunity for cross-examination, and that he is not entitled to such confronting upon a multiplicity of hearings. State v. Kline, 109 La. 622, 33 South. 618 (and authorities there cited).
Upon the occasion of the defendant’s last trial, the witness Hippemeier and the witness Easton were both found to be permanently absent from the state, and the counsel for defendant does not dispute that finding, nor does he suggest that they were absent by procurement of the prosecution. Their testimony, taken upon the preliminary examination of the defendant, was therefore properly admitted in evidence. The only remaining question relates to the delay in fixing the case for trial; but if the argument now presented by the counsel for defendant be sound it would follow that where an accused person fails to take the steps necessary to the securing of a speedy trial, and the prosecuting officer, for reasons which if put to the test would be found insufficient, fails to set the case for trial within a reasonable time, such accused cannot thereafter be tried and convicted—a conclusion the correctness of which cannot be conceded.
The judgment appealed from is therefore affirmed.