169 So.2d 894 (1964)
247 La. 19
STATE of Louisiana
v.
Van Norman WHITE.
No. 47341.
Supreme Court of Louisiana.
December 14, 1964.
*895 E. Drew McKinnis, Baton Rouge, for defendant.
Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for appellee.
HAWTHORNE, Justice.
Van Norman White was charged under R.S. 14:62 with simple burglary of Evans Electrical Supply, Inc., in Baton Rouge. Represented by counsel, he was tried before a jury, adjudged guilty, and sentenced to seven years' imprisonment in the state penitentiary. From this conviction and sentence he has appealed, relying on several bills of exception.

Bill of Exception No. 1
This bill was taken to the overruling of a motion to quash the bill of information. The primary complaint urged by appellant in this bill is that he was arrested on December 28, 1962, for the offense of which he now stands convicted; that he was kept in jail for five months and 18 days; that during this time no charges were filed against him and he was without counsel; that his constitutional right to a speedy trial was so flagrantly violated that he is entitled to his discharge.
The burglary of which the accused has been convicted is alleged to have been committed on June 6, 1961. Under date of May 20, 1962, a search warrant was issued to search the premises occupied by appellant and his wife for stolen property, and pursuant to this warrant numerous articles of property were seized by the executing officers, some of which were subsequently identified as having been taken from the electrical supply company in the burglary. Shortly afterwards, on June 5, 1962, a warrant of arrest was issued for the accused, and on December 28, 1962, he was arrested and incarcerated in the parish jail. The bill of information charging him with the crime was filed on June 13, 1963.
We cannot understand how the mere fact that appellant was kept in jail for the period alleged could constitute a bar to his prosecution under a bill of information valid on its face and thus entitle him to be released. Appellant does not contend that he has been denied a fair trial by this circumstance alone. He does not say that he was held incommunicado, that he sought to be released, or that he asked for and was denied either a preliminary examination or a *896 writ of habeas corpus. See State v. Banks, 111 La. 22, 25, 35 So. 370.
Under the law of this state a motion to quash may be urged for "any defect fatal to the validity of the proceedings". R.S. 15:286. In the instant case, even if we should concede that the accused was denied a speedy trial though he did not request one, the motion to quash will not lie on this ground because this denial is not a "defect fatal to the validity of the proceedings"; it cannot be considered a defect in the proceedings leading to the filing of the bill of information and his subsequent trial and conviction.
This court is not willing to order the release and discharge of the convicted murderer, rapist, robber, or other criminal under the circumstances and for the reasons set forth in this bill. To do so could serve only to encourage crime by removing the fear of punishment, completely overlook the right of the people to be secure in their persons, lives, and property, make a mockery of law enforcement, and create the utmost disrespect for the courts.
We recognize, of course, that the courts are the guardians of the rights guaranteed to the people by the Constitution; but if a right is infringed, the remedy must be an appropriate one and must be a natural consequence of the infringement of the right. For example, if an accused is compelled to confess to a crime, the remedy for this wrong is to bar the admission of the confession into evidence against him. Again, if evidence is obtained through an illegal search warrant, the remedy for this violation of the accused's right to be protected against unreasonable search is to prohibit the admission on his trial of the evidence thus illegally obtained. We cannot agree with counsel for the accused in the instant case that any wrong done the accused by a perhaps unreasonably lengthy imprisonment without the filing of a charge has as its remedy the dismissal of the entire prosecution against him. The interests of our society will not permit this serious crime for which the appellant has been sentenced to serve seven years at hard labor to be "wiped out" because he was detained in jail five months between his arrest and the filing of the information.
In support of his contention that the bill of information should be quashed and that he should be ordered discharged, appellant calls our attention to the case of State of Louisiana ex rel. Byrnes v. Walker, Warden, 217 F.Supp. 168 (E.D.La.1963). In that case the court found that numerous federal constitutional rights were violated, but this is not so here. For instance, in the present case the inculpatory statement of the accused was made to the officers immediately after his arrest and not (as in the Walker case) after a long period of confinement and just before the filing of the bill of information. Moreover, in our view even the fact that a confession is made after a long confinement and just before the filing of the formal charges is not grounds for quashing the bill of information, but is merely a matter to be taken into consideration in determining the admissibility of the confessionthat is, whether it was freely and voluntarily made, and at the most would entitle the accused to a new trial if the confession has been used against him.

Bills of Exception Nos. 2 and 3
A prospective juror after being examined on his voir dire was challenged by the defense for cause, and the challenge was overruled. The prospective juror stated at first that he was not sure he could give the accused a fair and impartial trial because he had known the accused and was under the impression that one who knew an accused or knew anything that the accused had done in the past to make him "swing his judgment" should not be on the jury. The court then examined the juror at length and ascertained from his replies that he would try the case according to the law and the evidence fairly and squarely both for the State and for the defense, would render a conscientious, fair verdict after *897 hearing the evidence and the law as given by the court, and was confident that what he had heard or thought would not in any way influence his verdict.
We think the ruling of the trial judge was correct, for a consideration of the prospective juror's entire examination shows that he was neither biased nor prejudiced against the accused but would try the case on the law and the evidence adduced during the trial. In State v. Jones, 38 La. Ann. 792, a juror on his voir dire stated "That from his knowledge of the previous character of the defendant that he had some little prejudice against the defendant, but that he could lay this aside and try the case according to the law and the evidence regardless of this prejudice and do exact justice between the State and this defendant, and be governed by the law and the evidence". In that case this court found the juror to be qualified and said it knew of no law which under the condition of mind disclosed by the juror himself would disqualify him as a juror. The same is true in the instant case.
Bill No. 3, which was taken to protect the appellant's rights under Bill No. 2,[1] was reserved to the overruling of his peremptory challenge after he had exhausted the 12 peremptory challenges granted to him by law.

Bill of Exception No. 4
In the course of his opening statement the assistant district attorney said: "As I have said, the State will prove that this accused when questioned about this air conditioning unit, particularly, offered no explanation other than he knew it was stolen and he was in possession of it." Counsel for the accused objected and moved for a mistrial, which was refused.
Appellant argues that he was under no duty to make any statement while he was in the custody of the police officers, and that it was reversible error for the assistant district attorney in his opening statement to comment upon the fact "that he made no statement during the course of such investigation".
An accused, of course, has no duty to make any statement whatever to investigating officers. The bill discloses, however, that appellant offered no explanation of his possession of the air conditioning unit other than that he knew it was stolen and that he was in possession of it. In other words, what the assistant district attorney was saying is that although the accused offered no explanation of his possession, he did state he knew the air conditioner was stolen and admitted his possession.
As shown by the opening statement, which is in the record, the assistant district attorney informed the jury that the State would establish that the accused freely and voluntarily made this inculpatory statement; and since the State intended to prove the inculpatory statement in its case against the accused, the assistant district attorney was duty bound to mention it in his opening remarks in order for the statement to be admissible in evidence against the accused during the trial of the case. Moreover, the remark of the assistant district attorney was proper since the State relied on a legal presumption set out in R.S. 15:432.[2]

Bill of Exception No. 5
In the course of his opening statement the assistant district attorney said: "Now, in order to prove intent and mode of operation the State will prove that on or about May 20, 1962, that this accused was *898 involved in a burglary out of Mobile, Alabama. This evidence will be introduced as I told you not to prove the crime charged, because he is charged with the burglary involving Evans Electrical Supply"
Counsel objected to the statement and reserved a bill, contending that the assistant district attorney erred in informing the jury that the accused had been involved in a burglary sometime after the offense for which he was being tried. In the course of his argument the assistant district attorney informed the jury that he would show that in the Mobile burglary a truck was utilized on which had been painted the name of the company there being burglarized; that this identical mode of operation was used in the Evans Electrical burglary to disguise the truck hauling the stolen property by giving the moving some semblance of validity. The evidence which the State proposed to introduce was clearly admissible under R.S. 15:446,[3] and it is immaterial that the evidence involves an offense subsequent to that for which the accused was being tried. See State v. Haddad, 221 La. 337, 348-349, 59 So.2d 411, and the numerous authorities there cited.

Bill of Exception No. 6
This bill was reserved to the overruling of the accused's objection to the admission in evidence of State Exhibit 1, which was a list of the items stolen in the burglary. In connection with this exhibit an officer of the electrical supply company testified that this firm maintained what is called a perpetual cardex inventory system which at all times showed the items of merchandise that were in the store; that this inventory showed all items that were in the store immediately preceding the burglary; that immediately after the burglary he made a physical inventory of the items in the store, and by comparing this inventory with the perpetual cardex inventory he ascertained what items were missing, and that he himself made up the list.
Appellant contends that this list was objectionable as hearsay. We are somewhat at a loss to understand exactly why counsel considers this evidence as hearsay. As stated above, the witness made the check inventory and prepared the list. The objection to us appears to go to the weight to be given the document and not to its admissibility.

Bill of Exception No. 7
Bill No. 7 was taken to the admission in evidence over the defense's objection of a search warrant under which the home of the accused was searched. The basis of the objection is that the assistant district attorney in his opening statement referred to the search warrant as being dated "December 20", whereas the warrant admitted was dated May 20. There was only one search warrant issued, and although the assistant district attorney in his opening statement did refer once to the search warrant as being dated December 20, he subsequently in that same statement more than once gave the date of the warrant as May 20. There is no merit in this bill. Moreover, counsel does not even mention or argue this bill in brief filed in this court.

Bill of Exception No. 8
This bill was taken to the overruling of a motion for a mistrial. During the trial the State sought to introduce an allegedly inculpatory statement of the accused made shortly after his arrest. The foundation for the admission of this statement was properly laid outside the presence of the jurythat is, it was shown to the satisfaction *899 of the trial court that the statement was freely and voluntarily given. When the State sought to prove the statement before the jury, counsel for the accused renewed his objection previously made outside the presence of the jury, and in overruling this objection the court said to the jury:
"I will say to the Jury that this conversation on this occasion is being admitted for the reason that any statement this accused may have made to these officers was free and voluntary and without any coercion and the nature of thethe nature of which the Jury will be entitled to hear and determine in its own mind the import, that is, what this defendant intended or meant by the things he might have said and it is entirely within the province of the Jury to give whatever weight, if any, the Jury desires to give it."
Counsel objected to the judge's remarks and moved for a mistrial, urging that the remarks constituted a comment on the evidence. R.S. 15:384, which provides that the judge has the right to instruct the jury on the law but not on the facts of the case, prohibits the judge from stating or recapitulating the evidence or giving any opinion as to what facts have been proved or refuted. As we read his remarks, however, they were not objectionable, for it is well established that the judge may give his reasons for admitting evidence, and that such an explanation is not considered objectionable as a comment on the evidence. State v. Vernon, 197 La. 867, 2 So. 2d 629; State v. Iles, 201 La. 398, 9 So.2d 601; State v. Walker, 204 La. 523, 15 So.2d 874. We could rest our ruling on this bill on the principle of law and the authorities cited.
Counsel contends that the remarks of the judge were an invasion of the province of the jurythat is, that the remarks had the effect of depriving the jury of making its determination as to the free and voluntary nature of the statement of the accused.
Under the law of this state the jury in a criminal case is the judge of the law and of the facts on the question of guilt or innocence, and it belongs to the jury alone to determine the weight and credibility of the evidence. The judge, however, shall charge the jury on the law applicable to the case, and it is the jury's duty to accept and apply the law as laid down for it by the judge. R.S. 15:383, 384, 385. The admissibility of a confession is a question which the trial judge alone, and not the jury, is called upon to decide, and he makes the decision on its admissibility after hearing all the circumstances under which the confession was given so that he may determine whether it was free and voluntary. The jury likewise should have before it all the circumstances under which the confession was made so that it may determine what weight or effect it will give to the confession. State v. Bessa, 115 La. 259, 38 So. 985; State v. Chiasson, 174 La. 542, 141 So. 54; State v. Lanthier, 201 La. 844, 10 So.2d 638; State v. Comery, 214 La. 245, 36 So.2d 781; State v. Wilson, 217 La. 470, 46 So.2d 738.
It has often been said by this court that whether a confession is voluntary or not is a mixed question of law and fact which this court is authorized to review. Strictly speaking, however, whether a confession is voluntary or not is a question of law to be determined by the judge from the circumstances under which it was given. In short, the judge alone determines whether the proper foundation has been laid for the admission in evidence of a confession, a question of law reviewable by this court under Article 7, Section 10, of the Constitution, which gives this court appellate jurisdiction in criminal cases on questions of law alone. Once the confession has been found to be admissible, then it is for the jury to determine what weight and effect it will give the confession.
The functions of the judge and the jury in respect to confessions is discussed in 3 Wigmore on Evidence (3rd ed.), sec. 861, *900 pp. 345 et seq., where the author quotes at length from Burton v. State, 107 Ala. 108, 18 So. 284, 285, thus:
"Whether voluntarily made or not, we hold, is a question of law, to be determined by the Court from the facts, as a condition precedent to their admission. Having been declared competent and admissible, they are before the jury for consideration. The jury have no authority to reject them as incompetent. But the jury are the sole judges of the truth and weight to be given confessions, as they are of any other fact. In weighing the confessions, the jury must take into consideration all the circumstances surrounding them, and under which they were made, including those under which the Court declared, as matter of law, they were voluntary. In weighing confessions, the jury necessarily consider those facts upon which their admissibility, as having been voluntarily made, depends. While there is no power in the jury to reject the confessions, as being incompetent, there is no power in the Court to control the jury in the weight to be given to facts. The jury may, therefore, in the exercise of their authority, and within their province, determine that the confessions are untrue, or not entitled to any weight, upon the grounds that they were not voluntarily made. The Court passes upon the facts merely for the purpose of determining their competency and admissibility. The jury pass upon the same facts, and in connection with other facts, if there are other facts, in determining whether the confessions are true, and entitled to any, and how much weight. The Court and jury each have a well-defined and separate province. It follows that, although the jury may come to the conclusion that the confessions were not voluntary, yet if, from extrinsic evidence, or from their character and the circumstances, the jury are satisfied that they are true, the jury should act upon them. * * *" (Italics ours.)
This, says Wigmore, is the orthodox principle well recognized in the majority of jurisdictions. We think this principle is eminently sound, and we approve it.
Applying the principle to the statement of the judge in the instant case, we see that the judge was merely stating the law: that he had found the inculpatory statement to be free and voluntary and therefore admissible. By saying this he did not invade the province of the jury, for, as the trial judge himself said, the jury was left free to give to the inculpatory statement what weight and effect, if any, it saw fit.

Bill of Exception No. 9
During the trial of the case the State offered in evidence an electric blender, a box with an electric can opener, an air conditioner, and a hairdryer (State Exhibits 3, 6, 7, and 8). These articles together with various others had been seized on the premises of the accused in the execution of the search warrant. Counsel for the accused objected to the admission in evidence of these items on the ground that they had not been properly identified as being property stolen in the burglary.
An officer of the electrical supply company which was burglarized was questioned concerning each of these items, and testified as to each that items of the same make, type, kind, and model number had been stolen in the burglary. Under these circumstances we say that the objection in this bill, like that in Bill No. 6, goes not to the admissibility of the evidence but rather to the effect or weight to be given the evidence by the jury in its determination of the accused's guilt or innocence of the crime charged. See State v. Beaird, 34 La.Ann. 104.

Bill of Exception No. 10
This bill was reserved to the overruling of an objection to a remark of the assistant district attorney in his closing argument and to the denial of a motion for a mistrial. The remark which is the basis of this bill is: "It is true he [a witness] did not have the serial number. He had *901 it, but it was not admissible because he got it from the factory."
During the progress of the trial the State attempted to establish the serial number of an air conditioning unit. Appellant's objection to this proof was sustained by the trial judge on the ground that the witness was giving information furnished by someone else, or, in other words, that the evidence was hearsay. Counsel says that the assistant district attorney's remark in closing argument went beyond the evidence, and that the assistant district attorney should have been limited to evidence actually heard by the jury and should not have been permitted to discuss evidence that was excluded. Under R.S. 15:381 counsel may argue to the jury both the law and the evidence of the case but must confine themselves to matters as to which evidence has been received. To ascertain whether this principle of law has been violated, and to understand this bill, it is necessary to consider the pertinent evidence adduced regarding the air conditioner.
In the presence of the jury an officer of the electrical supply company gave the model number, horsepower, type, and kind of the stolen air conditioner, and testified without objection that since that company's records did not have the serial number, he was requested by the police after the burglary to obtain the serial number, and that he did request the serial number from the factory and had it in his possession. At this point counsel objected to the witness' giving the serial number, and the objection was sustained.
The remark of the assistant district attorney told the jury no more than the jury had already heard in testimony admitted without objection. He did not mention the serial number to the jury, nor did he say that the serial number in the possession of the witness was the same as that of the air conditioner. We do not consider that the assistant district attorney was arguing evidence which had been excluded by a ruling of the court.

Bill of Exception No. 11
This bill concerns a remark made by the assistant district attorney in his closing argument to the jury, as follows: "Or does it just make good common sense that when a fellow ends up with stolen merchandise in his possession that was recently stolen and he doesn't explain it and the law is also that even if he gives an explanation it is up to you to determine whether it is an adequate explanation or not, but this fellow gave no explanation." Counsel argues that this statement by the assistant district attorney was a comment upon the failure of the accused to testify.
This same argument was made to this court in the case of State v. Pace, 183 La. 838, 165 So. 6, under circumstances practically identical with those here. The court in that case cited Article 432 of the Code of Criminal Procedure dealing with legal presumptions which relieve him in whose favor the presumption exists of the necessity of any proof and one of which is that "the person in the unexplained possession of property recently stolen is the thief". The court there concluded that the argument of the district attorney was proper, and that his remarks did not constitute a comment on defendant's failure to testify, stating that "it was certainly legitimate argument for the district attorney to refer to defendant's unexplained possession of the stolen articles as a circumstance pointing to his guilt under the presumption established by law."

Bills of Exception Nos. 12 and 13
These bills were taken to the overruling of a motion in arrest of judgment and a motion for a new trial.
Under our law the motion in arrest of judgment lies only for a substantial defect which is patent on the face of the record or which can be ascertained without an examination of the evidence. R.S. 15:517, 518. All alleged errors which were properly urged in this motion have been discussed *902 in our disposition of other bills of exception.
Counsel has attached to and made a part of his motion for a new trial the entire transcript of the proceedings in the lower court. His principal complaint under this motion is that there was no evidence to prove the crime of simple burglary of which appellant was convicted. We have examined the transcript and the testimony adduced, and find that there is evidence to establish the crime. For instance, there is evidence that there was an unauthorized entry into the electrical supply company, that merchandise was stolen therefrom, that some of this stolen merchandise was found in the possession of the accused, and that the accused's possession of it was unexplained. Under our law we cannot review the sufficiency of this evidence, for its sufficiency is a matter exclusively within the province of the jury. State v. Vines, 245 La. 977, 162 So.2d 332; City of Monroe v. Dozier, 246 La. 267, 164 So.2d 322, and authorities cited.
For the reasons assigned the conviction and sentence are affirmed.
NOTES
[1] See R.S. 15:353.
[2] R.S. 15:432 pertinently provides: "A legal presumption relieves him in whose favor it exists from the necessity of any proof; but may none the less be destroyed by rebutting evidence; such is the presumption * * * that the person in the unexplained possession of property recently stolen is the thief * * *." (Italics ours.)
[3] R.S. 15:446 provides: "When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged."