ON APPLICATION FOR REHEARING
PER CURIAM.
 Acts 1979 No. 523 bears the title “An Act to amend and re-enact” R.S. 38:1233. Because of the title-body clause, La. Const.1974 Art. 3 § 15(A) requiring an Act to have a title indicative of the purpose that the body of the Act seeks to accomplish, the only constitutional purpose that that 1979 Act can have is to amend (and re-enact) an existing § 1233. The Act must be given an interpretation consistent with its title rather than “construed into unconstitutionality,” State v. Banks, 106 La. 480, 31 So. 53 (1901).
If, as plaintiff contends, § 1233 was earlier repealed (by Acts 1975 No. 99), then the declared legislative purpose of Act 523 “to amend and re-enact” § 1233 would be impossible, and Act 523 would have no effect whatsoever.
If, on the other hand, § 1233 was not earlier repealed, then the only effect of Act 523 was to permit an ex-officio commissioner, the Mayor of New Orleans, to name a proxy. The four-year terms would have been the same ones previously provided by § 1233, ending with the Governor’s four-year term.
Under either situation, Act 523 as “An Act to amend and reenact” § 1233 cannot support plaintiff’s position.
Plaintiff’s real position is that this court should give effect to Act 523 as if its title were “An Act to add a new § 1233 to Title 38,” rather than as “An Act to amend and re-enact” R.S. 38:1233. That position is constitutionally insufferable. The title-body clause, La. Const. Art. 3, § 15(A), expressly prohibits giving the body of Act 523 an effect so contradictory to its title.
REHEARING DENIED.