648 So.2d 480 (1994)
STATE of Louisiana
v.
Renee BARNES and Orelius J. Caldwell.
No. 94-KA-1411.
Court of Appeal of Louisiana, Fourth Circuit.
December 28, 1994.
*481 Harry F. Connick, Dist. Atty., Gregory Kennedy, Asst. Dist. Atty., Kenneth P. Bordelon, Law Clerk, New Orleans, for plaintiffappellant.
Michael L. Karmazin, New Orleans, for defendant-appellee, Renee Barnes.
Alvin N. Taylor, New Orleans, for defendants-appellees, Orelius Caldwell and Renee Barnes.
Before SCHOTT, C.J., and CIACCIO and LANDRIEU, JJ.
SCHOTT, Chief Judge.
This appeal was taken by the State of Louisiana from a judgment of the trial court granting defendants' motion to quash the bill of information charging them with possession of crack cocaine on the ground that the state failed to hold the motions hearing in a prompt manner.
Defendants were arrested on January 26, 1994. They were formally charged by the bill of information on March 10. At arraignment on March 16 and 17, they pled not guilty. A motions hearing was set for April 6, but it was postponed because defendant Caldwell's attorney was absent. It was rescheduled for April 20. At the state's request it was continued to April 21, to May 5, and again to May 6. On this day the defendants moved to quash the bill based upon the state's failure to hold the motions hearing promptly. In granting this motion, the trial *482 judge found that defendant Caldwell, who had been in custody, unable to make bond, all along was;
"denied the right to a speedy trial, which cannot even begin to proceed until motions are heard.
As to Miss Barnes, although she is on bond, I find that she has been denied the same right."
Denial of the right to a speedy trial is not one of the grounds listed in C.Cr.P. art. 532 for a motion to quash. Ground (7) is that the time limitation for commencement of trial has expired, but this has to do with the statute of limitations for the commencement of trial provided by C.Cr.P. art. 578 as to which art. 581 specifically provides a defendant with the remedy of a motion to quash. See State v. Taylor, 439 So.2d 410, 412 (La. 1983). In State v. White, 247 La. 19, 169 So.2d 894, 896 (1964), the court held a motion to quash will not lie on the ground that the accused was denied a speedy trial.
The action of the trial court is also inconsistent with the speedy trial procedure found in C.Cr.P. art. 701(D). This requires that for a defendant charged with a felony, as in this case, trial shall commence within 120 days after the defendant in custody files a motion for a speedy trial and 180 days for the defendant not in custody. In the present case Caldwell has been in custody but Barnes has not. But when the trial court granted the motion only 101 days had passed since the two had been arrested and less than sixty days had passed since they were formally charged. In addition the remedy available to a defendant under the speedy trial procedure of art. 701, is release of the incarcerated defendant without bail or discharge of the bail obligation for the defendant who is not incarcerated. But this procedure does not authorize a motion to quash or the granting thereof. Consequently, the judgment of the trial court in response to a groundless motion to quash provided these defendants with relief beyond that provided by the speedy trial procedure of art. 701, which was the proper remedy for them to invoke.
Defendants' argument that they were denied right to a speedy trial as guaranteed by the constitution is also without merit. The constitutional right to a speedy trial is generally guaranteed by the statute of limitations provided by art. 578 which specifically requires commencement of a trial of a noncapital felony case as the present one within two years after the institution of the prosecution. Furthermore, the right to a speedy trial is also protected by art. 701 as aforesaid. Defendants have not cited any authority for the proposition that these general and specific safeguards are not sufficient to protect their general constitutional right to a speedy trial and we are not aware of any.
Accordingly, the judgment of the trial court granting defendants' motion to quash is reversed and set aside and the motion to quash is denied.
REVERSED AND RENDERED.