JiBYRNES, Judge.
Kevin Montgomery requests a review of the trial court’s denial of his motion to quash the bill of information reinstating the original charges of second degree kidnapping and forcible rape.
The defendant Kevin Montgomery contends that: (1) the State did not prove, prior to reinstituting charges, that the State did not enter a nolle prosequi in an effort to circumvent the time limitations under La. C.Cr.P. art. 578; and (2) the State’s repeated reinstitution of charges violated his constitutional right to a speedy trial.

La.C.Cr.P. art. 578

The defendant was originally charged on June 22, 1993 in Case No. 364-135. The charges were nolle prosequied on March 9, 1995 and reinstituted in Case No. 375-018 on the same date. Trial was set for May 17, 1995. On May 3, 1995, the defendant filed a motion to quash, and on May 16, 1995 the State nolle prosequied the case. On May 11, 1995, the State reinstated the same charges listed in the other two cases and added an additional charge each of forcible rape and second degree kidnapping involving a second victim.[1]
RThe defendant argues that La. C.Cr.P. art. 576 places an initial burden on the State to show, prior to the filing of a new bill of information, that the dismissal of the previous bill was not for the purpose of avoiding the time limitations of La.C.Cr.P. art. 578. However, La.C.Cr.P. art. 576 does not require that the State file its reason prior to reinstating the charges.
The State provided the reason for dismissal of the original charges was entered not to circumvent La.C.Cr.P. art. 578 but was due to the absence of the victim, which was found to be convincing grounds in State v. Hearin, 409 So.2d 577 (La.1982). The defendant’s distinction that the defendants agreed to the continuance in Hearin, supra, has no bearing on the present case. La.C.Cr.P. art. 776 does not require the consent of the defendant but permits the State to dismiss the charges “with the defendant’s consent or before the first witness is sworn at the trial on the merits.” In the present case the nolle prose-qui was entered prior to the swearing of any witness at trial.
*536 The State had longer than June 22, 1995 in which to commence trial because the two-year limitation of La.C.Cr.P. art. 578 was suspended on various occasions. In State v. Jones, 620 So.2d 341, 342-343 (La.App. 5 Cir.1993), the appellate court stated:
LSA-C.Cr.P. art. 578 establishes a two year prescriptive period from institution of prosecution to commencement of trial in non-capital felony cases. LSA-C.Cr.P. art. 580 provides for suspension of that prescriptive period when a defendant files a motion to quash or another preliminary plea. The period is suspended until the ruling of the court, but in no case shall the State have less than one year after the ruling to commence trial. State v. Watkins, 594 So.2d 501 (La.App. 5 Cir.1992), writ denied, 600 So.2d 654 (La.1992). _[&A motion for continuance filed by a defendant is a preliminary plea under LSA-C.Cr.P. art. 580 which suspends the running of the prescriptive period. State v. Fabacher, 362 So.2d 555 (La.1978); State v. Cranmer, 306 So.2d 698 (La.1975). Joint motions to continue likewise suspend the period of limitation. State v. Simpson, 506 So.2d 837 (La.App. 1st Cir.1987), writ denied, 512 So.2d 433 (La.1987).
In the present case the docket master in Case No. 364-135 indicates that on September 9, 1994, the trial was continued by joint motion. In October 1994, the defendant was filing preliminary motions (a motion for bill of particulars). The time limitations of La.C.Cr.P. art. 578 did not expire when the State nolle prosequied the first bill of information. The second case was nolle prose-quied just over two months after it was filed, again not to evade time limitations, but to combine the original charges and two new charges in a single bill of information. The trial court properly denied the motion to quash based on prescription under La. C.Cr.P. art. 578.

La.C.Cr.P. art. 701

The defendant Kevin Montgomery also argues that his motion to quash should have been granted because his right to a speedy trial has been violated.[2] The defendant’s bond was lowered on March 8, 1994, and he has been on bond since March 10, 1994.
In State v. Barnes, 94-1411 (La.App. 4 Cir. 12/28/94), 648 So.2d 480, 482, this court stated:
Denial of the right to a speedy trial is not one of the grounds listed in C.Cr.P. art. 532 for a motion to quash. Ground (7) is that the time limitation for ^commencement of trial has expired, but this has to do with the statute of limitations for the commencement of trial provided by C.Cr.P. art. 578 as to which art. 581 specifically provides a defendant with a remedy of a motion to quash. See State v. Taylor, 439 So.2d 410, 412 (La.1983). In State v. White, 247 La. 19, 169 So.2d 894, 896 (1964), the court held a motion to quash will not lie on the ground that the accused was denied a speedy trial.
... In addition the remedy available to a defendant under the speedy trial procedure of art. 701, is release of the incarcerated defendant without bail or discharge of the bail obligation for the defendant who is not incarcerated. But this procedure does not authorize a motion to quash or the granting thereof....
The trial court properly denied the defendant’s motion to quash based on the claim of his right to a speedy trial.
Accordingly, the ruling of the trial court is affirmed.

AFFIRMED.

. The trial court severed the charges regarding the second victim because no motions had been heard on those counts.

. The defendant's bond was lowered on March 8, 1994, and he has been on bond since March 10, 1994.