| GREMILLION, Judge.
Defendant, Samuel Davis, was charged by grand jury indictment, filed on June 22,1995, with one count of armed robbery, in violation of La.R.S. 14:64. On July 26, 1995, defendant waived formal arraignment and entered a plea of not guilty. Defendant filed a motion to quash the indictment on August 14, 1995, which was granted by the trial court on August 17, 1995. The state appeals the quashing of the indictment, alleging one assignment of error. We find merit in that assignment and reverse and remand for further proceedings.
RELATED PROCEDURAL HISTORY
In this ease there were other proceedings both in the trial court below and in this court, which took place prior to the proceedings now before this court. Since those proceedings are relevant to the present issue, we will address them in this 12opinion.
On November 20, 1994, the defendant, a juvenile, was detained in juvenile court on charges of unauthorized use of a movable, armed robbery, and car jacking. After a detention hearing held in juvenile court on November 21, 1994, defendant was ordered to remain in detention, and bond was set at $100,000. On November 30, 1994, the state filed a petition against defendant in juvenile court. Defendant was arraigned on that same date in juvenile court, and entered a denial to the charges against him. On mo *512 tion of the state, the juvenile court set the matter for trial at a later unspecified date and a pre-trial hearing was set for December 14, 1994. On December 14, 1994, the matter was set for trial in juvenile court on February 15, 1995. On January 9, 1995, defendant was charged with armed robbery by bill of information filed in adult court. Defendant filed a motion to quash the adult proceedings on February 23, 1995. The district court granted defendant’s motion on March 16, 1995, finding the bill of information filed in adult court was untimely. On April 27,1995, defendant filed a motion in juvenile court pursuant to La.Ch.Code art. 877, requesting that he be released because an adjudication hearing was not timely held. After a hearing in juvenile court on May 10, 1995, the trial court granted dismissal as to the charges of unauthorized use of a movable and carjacking, finding the defendant was not adjudicated timely. However, the trial court denied the dismissal as to the charge of armed robbery. The trial court allowed the defense time to file writs, and ordered a stay of the proceedings.
On June 22, 1995, the grand jury indicted defendant for armed robbery. (Indictment at issue). As stated earlier, this indictment was quashed on August 17, 1995, on the grounds of untimeliness. Although it found the state’s arguments meritorious, the trial court felt it should grant this motion to quash because of |3untimeliness in order to be consistent with its March 16 order granting defendant’s first motion to quash for that reason. The state filed a Motion and Order for Appeal on August 22, 1995. Finally, on August 29, 1995, this court granted defendant’s writ dismissing the charge of armed robbery against defendant in the juvenile proceedings on the grounds of untimeliness under La.Ch.Code art 877. State v. Samuel Davis, an unpublished writ bearing docket number 95-652 (La.App. 3 Cir. 8/29/95). No writ was taken to the Supreme Court to reconsider that issue and it will not be discussed herein.
ASSIGNMENT OF ERROR
By this assignment, the state claims the following:
The lower court erred in granting defendant’s motion to quash the Grand Jury Indictment by treating Article 305 of the Louisiana Children’s Code See. B(3) as an article of prescription in contradiction to and in contravention of Article 572 of the Code of Criminal Procedure of the State of Louisiana.
La.Ch.Code art. 305(B)(3) provides:
The district attorney shall have the discretion to file a petition alleging any of the offenses listed in Subparagraph (2) of this Paragraph in the juvenile court or, alternatively, to obtain an indictment or file a bill of information. If the child is being held in detention, the district attorney shall make his election and file the indictment, bill of information, or petition in the appropriate court within thirty calendar days after the child’s arrest, unless the child waives this right.
One of the offenses listed in Subparagraph (2) of article 305 is armed robbery. Defendant was arrested on November 20, 1994. After a continued custody hearing held on November 21, 1994, defendant was ordered to remain in detention. Thus, according to article 305, the state should have filed a bill of information, indictment, or petition within thirty days of defendant’s arrest. The state did file a juvenile petition on November 30, 1994, but the bill of information charging defendant with armed robbery in adult court was not filed until January 9, 1995, well beyond the |4thirty day time limit. For this reason, defendant filed a motion to quash the bill of information on February 23, 1995.
Although the record does not contain a transcript of the hearing on defendant’s motion to quash the January 9 bill of information, the prosecution summarized the arguments of counsel and the trial court’s ruling during the August 17, 1995 hearing, on defendant’s motion to quash the grand jury indictment at issue in the present case. The state noted a bill of information was filed more than thirty days after the defendant was continued in custody as a juvenile. The bill of information, the prosecutor said, was met with the motion to quash filed by defendant alleging the untimeliness of the filing of the bill of information. The state took the *513 position that if the thirty day time limit was not met, then the charges against defendant should not be quashed, but the defendant should be released from the detention facility without a bond obligation. It was the state’s understanding of the trial court’s March 16 ruling, the prosecutor said, that the trial court found the time limit had expired. As a result, the trial court held that juvenile court had exclusive jurisdiction, that “... the jurisdiction in the [Children’s] Code took over and [defendant] had to be dealt with in the juvenile courtroom.”
The trial court agreed with the state’s summarization of events. Because the state believed the remedy for an untimely filing of a bill of information under La.Ch.Code art. 305 should be release without bail rather than dismissal of charges, the state reinsti-tuted prosecution in adult court by filing a grand jury indictment against the defendant. Defendant argued, however, that the state should be precluded from reinstituting prosecution since it did not appeal the trial court’s ruling on defendant’s first motion to quash.
After listening to the state’s argument, the trial court granted defendant’s 15motion and quashed the bill of indictment. While the trial court seemingly agreed with the state’s argument, it felt the present motion to quash should be granted in order for it to be consistent with its prior ruling. Therefore, the trial court held, once again, that the state failed to timely file the grand jury’s bill of indictment under the Children’s Code. The trial court held “... it would inconsistent for me to say that the District Attorney’s Office can now come with a Grand Jury indictment, which (sic) they couldn’t do through the bill.”
This court was faced with this very issue in State v. Edward Hamilton, an unpublished writ bearing docket number 95-908 (La.App. 3 Cir. 12/14/95).[1] In Hamilton, the trial court granted the defendant’s motion to quash the bill of information charging him with armed robbery. The trial court found the state did not file the bill of information within thirty days of the defendant’s arrest as required by La.Ch.Code art. 305(B)(3). This court denied the state’s writ for the following reasons:
This court finds no error in the trial court’s ruling, but for different reasons. The juvenile court never lost jurisdiction over the juvenile because the state failed to file the bill of information within thirty days of the juvenile’s arrest, and only upon filing the bill of information in compliance with La.Ch.Code art. 305(B)(3) is the juvenile court divested of jurisdiction. Any proceeding before the court exercising criminal jurisdiction was without jurisdictional authority and, therefore without effect.
It seems the majority in Hamilton equated the timely filing of a bill of information or indictment with the vesting of jurisdiction in criminal court. Taking this argument to its next logical step, the criminal court can never be vested with jurisdiction if the bill of information or indictment is not filed timely. However, there are other provisions of the Children’s Code providing for the vesting of jurisdiction lain adult court without the timely filing of a bill of information or indictment. For example, La.Ch.Code art. 306 provides in pertinent part:
A. Prior to the divesting events specified in Paragraphs A through D of Article 305, the child shall be held in custody in a juvenile detention center, except as hereinafter provided.
* * * * * *
D. If at the conclusion of the continued custody hearing, the court determines that the child meets the age requirements and that there is probable cause that the child has committed one of the offenses enumerated in Article 305, the court shall order him held for trial as an adult for the appropriate court of criminal jurisdiction. The child shall thereafter be held in any facility used for the pretrial detention of accused adults and shall apply to the appropriate court of criminal jurisdiction for a preliminary hearing, bail, and for any *514 other rights to which he may be entitled under the Code of Criminal Procedure.
Although a bill of information or indictment would have to be filed in adult court, it appears that article 306 does not require adult court jurisdiction to be contingent upon the timely filing of a bill of information or indictment.
Further, La.Ch.Code arts. 857 through 864 provides for the transfer of a juvenile from the jurisdiction of the juvenile court to prosecution in the appropriate court exercising criminal jurisdiction. Article 857 states:
A. The court on its own motion or on motion of the district attorney may conduct a hearing to consider whether to transfer a child for prosecution to the appropriate court exercising criminal jurisdiction if a delinquency petition has been filed which alleges that a child who is fourteen years of age or older at the time of the commission of the alleged offense but is not otherwise subject to the original jurisdiction of a court exercising criminal jurisdiction has committed any one or more of the following crimes: ...[2]
La.Ch.Code art. 862 sets forth the requirements for the transfer hearing and the state’s burden of proof. A motion to transfer a juvenile from the jurisdiction |7of the juvenile court to the jurisdiction of the criminal court requires the approval of the juvenile court, after a contradictory hearing and proof by clear and convincing evidence that there is not substantial opportunity for the juvenile’s rehabilitation through juvenile facilities.
Finally, article 305 states in pertinent part:
B. (1) When a child is fifteen years of age or older at the time of the commission of any of the offenses listed in Subparagraph (2) of this Paragraph, he is subject to the exclusive jurisdiction of the juvenile court until whichever of the following occurs first:
(a) An indictment charging one of the offenses listed in Subparagraph (2) of this Paragraph is returned.
(b) The juvenile court holds a continued custody hearing and finds probable cause that the child has committed any of the offenses listed in Subparagraph (2) of this Paragraph and a bill of information charging any of the offenses listed in Subpara-graph (2) of this Paragraph is filed.
⅝ ⅜ * ⅜: ⅜ ⅜
(2)(d) Armed robbery.
This section of article 305 discusses the transfer of jurisdiction to the appropriate criminal court and contains nothing about the thirty day time limit.[3] Subsection (3) of Article 305 which allows prosecutorial discretion in determining whether to file a petition in juvenile court or to obtain an indictment or file a bill of information requires a timely election only if the juvenile is being held in detention. The statute is silent as to the sanction for failure to make the timely election. Certainly, it was not the intent of the legislature to reduce prescriptive periods for all crimes set forth in the article to thirty days for only those juveniles who are held in detention and to forever bar the state from instituting prosecution against them under the laws of this state. Clearly, the failure of the state to timely file a bill of information or indictment Rin compliance with the La.Ch. Code art. 305 time limits does not forever bar the appropriate criminal court from obtaining jurisdiction over the defendant.
The question still remains, however, as to what sanction should be imposed for the untimely filing of a bill of information or indictment under article 305. We refer to the dissent in Hamilton. It reads in pertinent part:
*515 ... However, even if a written motion to quash had been filed, the trial court’s ruling granting the motion to quash would have been erroneous since the proper remedy for failure to timely file the bill of information should have been release of the juvenile from custody without bail, and not quashing the bill of information.
The thirty day time limit for filing the bill of information is set forth in La.Ch. Code art. 305(B)(3), but only for those juveniles who are in custody. There is no time limit for filing a bill of indictment or bill of information for juveniles who are not in custody. La.Ch.Code art. 305(B)(3) does not prohibit the state from filing a bill of information more than thirty days after the juvenile’s arrest. More importantly, La.Ch.Code art. 305(B)(3) does not set forth the remedy for failure to timely file a bill of information. Other provisions of the Children’s Code specify the remedy for the failure to act within statutorily mandated time limits. For example, La.Ch.Code art. 819 states that if a juvenile has not been released to the care of his parents and the continued custody hearing is not held within three days of the juvenile’s detention, the child shall be released unless the hearing is continued at the request of the juvenile. La.Ch.Code art. 843(B) specifically provides that when a juvenile is continued in custody the remedy for the state’s failure to file a juvenile delinquency petition within forty-eight hours of the continued custody hearing is release from custody without bail. La.Ch.Code art. 877(C) specifies that the failure to timely commence the adjudication hearing shall result in dismissal of the prosecution against the juvenile. See State in the Interest of R.D.C., Jr., 93-1865 (La. 2/28/94); 632 So.2d 745.
La.Ch.Code Art. 104 provides:
Where procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with:
(1) The Code of Criminal Procedure in a delinquency proceeding and in a criminal trial of an adult.
(2) The Code of Civil Procedure in all other matters.
| therefore, without La.Ch.Code art. 305(B)(3) providing a remedy for failure to timely file a bill of information, the court must turn to the Code of Criminal Procedure for guidance in this situation.
La.Code Crim.P. art. 701 provides the time limits for filing a bill of indictment or information against an adult defendant when the defendant is in custody. La. Code Crim.P. art. 701(B)(2) provides the remedy for the state’s failure to institute prosecution within the statutory time limits is release without bail. La.Ch.Code art. 305(B)(3) is similar to La.Code Crim.P. art. 701; therefore, the remedy for violation of the statutory time limit to file a bill of information should be similar. The remedy for violation of the time limits of La.Ch. Code art. 305(B)(3) is not dismissal of the adult prosecution by quashing the bill of information, but rather release of the juvenile defendant from custody without bail.
See also State v. Varmall, 539 So.2d 45 (La. 1989), for the proposition that the remedy for failure to institute prosecution within the time limitations specified in La.Code Crim.P. art. 701 is release without bail.
In State v. White, 247 La. 19, 169 So.2d 894 (La.1964), the supreme court held that a motion to quash was not the proper method for alleging a speedy trial violation. This holding was overruled by the supreme court in State v. Reaves, 376 So.2d 136 (La.1979). In Reaves, the court found that a motion to quash was the proper remedy for speedy trial violations. Specifically, the court stated:
An accused must be afforded a remedy by which he may effectively assert this fundamental right guaranteed by the Due Process Clause of the Fourteenth Amendment, the Louisiana Constitution, and our Code of Criminal Procedure.
Id. at 137.
The time limitations in article 701 had not been enacted at the time Reaves was decided. They were enacted by Act 181 of the 1981 Regular Session. The court in Reaves recognized it was overruling prior jurisprudence by stating:
We recognize that this ruling overturns prior jurisprudence in this Court which *516 held that a violation of the constitutional right to a speedy trial may not be urged via a motion to quash. See State v. Augustine, 252 La. 988, 215 So.2d 634 (1968); State v. White, 247 La. 19, 169 So.2d 894 (1964). These cases no longer represent correct law in light of Barker v. Wingo, supra [407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101], decided in 1972.
Id. 138, footnote.
Thus, we find that the Reaves’ holding is limited to constitutional speedy trial violations rather than statutory speedy trial violations; especially in light of the jurisprudence since Reaves, which states that the remedy for failure to institute prosecution timely under article 701 is release without bail rather than quashing the charges. See Varmall, 539 So.2d 45.[4] The following language from White sheds light on the remedy for a statutory violation of a defendant’s speedy trial rights even though it may have been overruled with respect to a constitutional violation of a defendant’s speedy trial rights:
We recognize, of course, that the courts are the guardians of the rights guaranteed to the people by the Constitution; but if a right is infringed, the remedy must be an appropriate one and must be a natural consequence of the infringement of the right. For example, if an accused is compelled to confess to a crime, the remedy for this wrong is to bar the admission of the confession into evidence against him. Again, if the evidence is obtained through an illegal search warrant, the remedy for this violation of the accused’s right to be protected against unreasonable search is to prohibit the admission on his trial of the evidence thus illegally obtained. We cannot agree with counsel for the accused in the instant case that any wrong done the accused by a perhaps unreasonably lengthy imprisonment without the filing of a charge has as its remedy the dismissal of the entire prosecution against him. The interests of our society will not permit this serious crime for which the appellant has been sentenced to serve seven years at hard labor to be “wiped out” because he was detained in jail five months between his arrest and the filing of the information.
White, 169 So.2d at 896.
The legislature has made known its belief that armed robbery is a serious crime by allowing the state six years from the date of the offense to institute | nprosecution against the defendant. La.Code Crim.P. art. 572. As noted by the state in the case sub judice, if the remedy for a violation of the thirty day time limit in La.Ch.Code art. 305 is interpreted as a bar to prosecution in criminal court, the court will in essence be limiting the six year period granted by the legislature in article 572 to thirty days in the case of a juvenile. Furthermore, interpreting article 305 in this manner would also be placing a juvenile in detention in a better position than a juvenile not in detention. According to article 305, the time limit for filing a bill of information or indictment applies only to those juveniles in detention. No time limit exists for those juveniles not in custody.
For the foregoing reasons, we find that the proper remedy for an untimely filing of a bill of information or indictment under La.Ch. Code art. 305 should be release without bail rather than the quashing of charges against the defendant. Although defendant’s motion to quash, filed in the trial court, alludes to the fact that defendant’s constitutional speedy trial rights have been violated by being detained illegally, defendant does not raise this argument in his brief before this court. Therefore, that argument will not be addressed herein; however, nothing in this opinion would prevent defendant from raising his constitutional rights to a speedy trial in the future.
Another problem exists in this case. The bill of information that was filed against the defendant on January 9, 1995, was quashed and the state did not appeal that *517 ruling. The state reinstituted prosecution on June 22,1995, against defendant by obtaining and filing a grand jury indictment for armed robbery. Defendant argues that since the state failed to appeal the trial court’s decision quashing the January 9 bill of information, the state should not be allowed to reinstitute prosecution. As stated earlier, the first motion to quash should not have | igbeen granted. If anything, the defendant should have only been released from detention without bail after the thirtieth day.[5] Furthermore, a motion to quash is not the proper method of challenging a statutory speedy trial claim. However, a motion to quash was granted, which the state did not appeal. Instead, the state reinstituted prosecution.
Since the Children’s Code is silent on this issue, we again look to the Code of Criminal Procedure for guidance. Article 538 provides for the reinstitution of prosecution once a motion to quash is granted. That article states:
The court shall order the defendant discharged from custody or bail, as to that charge, when it sustains a motion to quash based upon the ground that:
⅜ ⅝ ⅜ ⅜ ⅜ ⅜
(3) The time limitation for the institution of prosecution or for the commencement of trial has not expired; or
(4) The court has no jurisdiction of the offense charged.
In other eases, when a motion to quash is sustained, the court may order that the defendant be held in custody or that his bail be continued for a specified time, pending the filing of a new indictment.
The present case is considered one of the “other cases” referred to in the last paragraph of article 538. The time limitation in paragraph (3) is referring to the | ^limitations of prosecution listed in La.Code Crim.P. arts. 572 and 578. Article 572 provides that no person may be prosecuted for an offense necessarily punishable by hard labor, such as armed robbery, unless the prosecution is instituted within six years after the offense has been committed. Article 578 provides that no trial shall be commenced in felony cases, such as armed robbery, after two years from the date of the institution of prosecution. Article 572, therefore, provides the remedy for violation of the time limitation: no prosecution. Thus, if a motion to quash is filed because of an article 572 violation, the charges must be dismissed. However, as discussed earlier, for a La.Code Crim.P. art. 701 violation, the only remedy is release without bail, not dismissal of the prosecution. Therefore, if a motion to quash is granted for an article 701 violation (the question still remains as to whether a motion to quash is the proper method for alleging an article 701 violation), the state should be allowed to reinstitute prosecution.
CONCLUSION
For the foregoing reasons, the trial court erred in granting defendant’s motion to quash. The proper remedy for an untimely institution of prosecution under La.Ch.Code art. 305 should be release without bail rather than dismissing the prosecution or prohibiting a criminal court from obtaining jurisdiction. However, a motion to quash was granted in the present ease, and the state failed to appeal. Instead, the state reinstituted prosecution in criminal court. The reinstitution prosecution was proper and should not have been quashed for untimeliness. The trial court’s ruling, which granted defendant’s mo *518 tion to quash, is reversed, and the ease is remanded for further proceedings.
REVERSED AND REMANDED.

. The state applied for writs to the supreme court on January 11, 1996. The writ was called up by the supreme court on March_, 1996.

. A transfer motion could not be filed in the present case since juvenile court was divested of jurisdiction by this court in State v. Samuel Davis, an unpublished writ bearing docket number 95-652 (La.App. 3 Cir. 8/29/95). This article is used only for the proposition that vesting of jurisdiction in adult court does not depend on the timely filing of a bill of information or indictment.

. This article makes no reference to the transfer hearing provided for in article 857. How articles 305 and 857 are to be construed, however, is not before this court. These articles are examined only for the proposition that the legislature did not intend the jurisdiction of criminal court to be contingent upon the timely filing of a bill of information or indictment under 305(B)(3).

. Two recent fourth circuit cases which have cited State v. White for the proposition that the motion to quash is not the proper method for asserting speedy trial rights. State v. Barnes, 94-1411 (La.App. 4 Cir. 12/28/94); 648 So.2d 480 and State v. Montgomery, 95-1209 (La.App. 4 Cir. 7/26/95); 659 So.2d 534, writ denied, 95-2173 (La. 10/6/95); 661 So.2d 472, reconsideration denied, 95-2173 (La. 11/3/95); 661 So.2d 1375. These cases do not say that White has been overruled.

. According to State v. Varmall, 539 So.2d 45 (La.1989), defendant probably should not even have been released without bail. The court stated the following:
When prosecution has not been instituted within the period specified in La.C.Cr.P. art. 701, the defendant may move for release without bail and is entitled to be released unless the district attorney shows just cause for the failure in a hearing conducted promptly after the filing of the motion. However, if prosecution is instituted after the statutory period has elapsed, but before the hearing is held, this court has held that the defendant is no longer entitled to be released without bail.
Id. at 46.
The defendant in the present case did not move for release when the thirty days elapsed without institution of prosecution. Instead, the defendant waited until after the bill of information was filed and filed a motion to quash. According to Varmall, the defendant would not have been entitled to release without bail.