CHARLES R. JONES, Judge.
hOn October 15, 2005, the defendant, Michael Campechano, was arrested and charged with simple burglary in violation of La. R.S. 14:62. On January 9, 2006, the State filed a bill of information charging Campechano with simple burglary. The case was set for arraignment on January 19, 2006. The minute entry from that date states that Campechano did not appear. The case was reset for March 6, 2006. Notices were to be sent to Campechano at the only address provided on the screening action form, which was “Mexico.”
The court issued a minute entry on February 24, 2006, resetting the arraignment for March 9, 2006 because the court would be closed on March 6, 2006. However, Campechano did not appear. The case was reset for March 31, 2006. No minute entry from that date appears in the record; yet, an April 20, 2006 minute entry states that Campechano did not appear for arraignment on that date. The case was reset for a status conference on the following day.
| a At the status conference, the arraignment was set for March 12, 2006, and the notation was made to place Campechano on the jail list. Campechano was not transported to court on March 12, 2006, and the arraignment was reset for June 13, 2006. On that date, Campechano was not transported to court, and the arraignment was reset for July 10, 2006, but Campechano was not transported to court on that date either. The case was again reset for August 10, 2006.
On or about July 24, 2006, Campechano filed a pro se motion to quash and motion for speedy trial and release pursuant to *674 La.C.Cr. P. art. 701. On July 27, 2006, Katherine Mattes of the Tulane Law Clinic appeared on the defendant’s behalf and filed a memorandum in support of the defendant’s motions. The court granted the motion for release pursuant to article 701. On August 8, 2006, the State filed a motion for appeal, which the court granted. On August 9, 2006, the court issued an amended minute entry stating that the court granted Campechano’s motion to quash on July 27, 2006.[1]
A recitation of the facts of the offense is irrelevant to the issue raised by the State on appeal. The sole issue on appeal is whether the district court abused its discretion when it granted Campechano’s motion to quash.
In State v. Love, 2000-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206, the Louisiana Supreme Court held that an appellate court is allowed to reverse a trial court’s judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion.
On appeal, the State concedes that the unusual delays in the prosecution of Cam-pechano’s case may have entitled him to relief under La.C.Cr. P. art. 701. ^Nevertheless, the State maintains that the defendant was not entitled to have his motion to quash granted. We agree.
Campechano’s motion to quash alleged that his rights pursuant to La.C.Cr. P. articles 535, 572 and 578 were violated as well as his right to a speedy trial. Campe-chano was charged with simple burglary in violation of La. R.S. 14:62. La. R.S. 14:62(B) states that “[wjhoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.” Simple burglary is a felony because an offender may be sentenced to hard labor.
La.C.Cr.P. art. 535(4) provides that a motion to quash may be filed of right prior to the commencement of trial when based on the ground that the time limitation for the institution of prosecution has expired. Pursuant to La.C.Cr.P. art. 572(A)(2), “no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted” within four (4) years for a felony not necessarily punishable by imprisonment at hard labor. Furthermore, La.C.Cr.P. art. 578(A)(2) states that a trial must commence no later than two (2) years from the date of the institution of the prosecution in non-capital felony cases.
Campechano was arrested and charged with simple burglary on October 15, 2005. He filed his motion to quash on July 24, 2006. He was in custody for approximately nine (9) months at the time he filed his motion to quash. Thus, the State was not in violation of either article at the time Campechano’s motion to quash was filed.
The defendant’s final argument in support of his motion to quash was that his right to a speedy trial was denied. However, this Court has previously |4explained that the granting of a motion to quash is not the appropriate remedy for a speedy trial violation. In State v. Barnes, 94-1411 (La.App. 4 Cir. 12/28/94), 648 So.2d 480, 482, we reasoned as follows:
Denial of the right to a speedy trial is not one of the grounds listed in C.Cr.P. art. 532 for a motion to quash. Ground (7) is that the time limitation for commencement of trial has expired, but this has to do with the statute of limitations for the commencement of trial provided *675 by C.Cr.P. art. 578 as to which art. 581 specifically provides a defendant with the remedy of a motion to quash. See State v. Taylor, 439 So.2d 410, 412 (La.1983). In State v. White, 247 La. 19, 169 So.2d 894, 896 (1964), the court held a motion to quash will not lie on the ground that the accused was denied a speedy trial.
We further reasoned the speedy trial procedure of art. 701 does not authorize a motion to quash or the granting thereof. Id.
Campechano filed a separate motion for speedy trial and release that was granted by the district court. His remedy was release from jail pursuant to La.C.Cr.P. art. 701. The defendant’s motion to quash, however, should not have been granted on the basis of a speedy trial violation because quashal is not the appropriate remedy and the defendant was already given relief for violation of his right to a speedy trial.
DECREE
For the foregoing reasons, the judgment of the district court is reversed, and this matter is remanded for further proceedings.
REVERSED AND REMANDED.

. Campechano's whereabouts have been unknown since his July 27, 2006 release from the Elayn Hunt Correctional Center.