Relator seeks his release from custody without bail pending trial. Although the district attorney has filed a bill of information against defendant, defendant was continued in custody subsequent to his arrest for more than sixty days before the bill was filed. La.C.Cr.P. Art. 701(B) provides,
B. The time period for filing a bill of information or indictment after arrest shall be as follows:
(1) When the defendant is continued in custody subsequent to an arrest, an indictment or information shall be filed within ... sixty days of the arrest if the defendant is being held for a felony.
[[Image here]]
Failure to institute prosecution as provided in Subparagraph (1) shall result in release of defendant if, after contradictory hearing with the district attorney, just cause for the failure is not shown. If just cause is shown the court shall reconsider bail for the defendant.
On May 11, 1988, a contradictory hearing was held on relator’s motion for release under La.C.Cr.P. Art. 701(B). The trial judge declined to order relator’s release, but reduced his bail from $30,000 to $10,-000. In his reasons for judgment the trial court stated:
This Court is further of the opinion that the filing of a Bill of Information precludes the defendant’s immediate release in spite of the fact that it is acknowledged by the State of Louisiana that the Bill of Information was filed *941 after the 60-day period in Code of Criminal Procedure, Article 701.
In neither the district court nor this court did the district attorney make a showing of “just cause” for the failure to file a bill timely.
In State v. Howard, 523 So.2d 1330 (La.1988), the supreme court granted defendant’s writ application and ordered his release from custody without bail. Defendant Howard had been released from custody when the state failed to file a bill of information timely, but was re-arrested and held under bail when the state ultimately did file a bill of information against him. We interpret the supreme court’s order (issued without discussion or explanation) as applying La.C.Cr.P. Art. 701 peremptively to require, absent a showing of just cause, a defendant’s release from custody without bail if the state fails timely to file a bill of information or indictment.
We conclude, therefore, that once the Art. 701 time limitations have lapsed (in this case sixty days), the mere filing of a bill of information will not prevent defendant’s release from custody without bail. At the contradictory hearing the state must show just cause for its failure to file the bill timely, or defendant shall be released from custody without bail. The state may proceed with prosecution and cause defendant to appear in court and be tried upon the charges made; during the pendency of these proceedings, however, defendant shall remain free without bail.
In this case, because the state failed to show just cause for its failure to file a bill of information timely, the trial judge erred by denying defendant’s motion for release. We reverse the trial judge’s ruling and grant defendant’s motion for release. We remand this matter to the trial judge to effectuate defendant’s release from custody without bail on the charges in this case.