ORDER
PLOTKIN, Judge.
We issue this opinion on writ application to clarify any confusion or misunderstanding about the application and interpretation of Code of Criminal Procedure Article 701. Recently in State v. Girard, 524 So.2d 940 (La.App. 4th Cir.1988), this court interpreted C.Cr.P. art. 701 for the express purpose of defining when a detainee must be released because of the State’s failure to institute timely proceedings. We strongly reaffirm those principles today.
On June 3, 1988, relator Dion Varmall was arrested and held under two counts of aggravated burglary and one count of first degree murder (case number 197-860). He was released from custody on August 3, 1988 — sixty-one days after his detention— pursuant to C.Cr.P. art. 701 because of the State’s failure to institute prosecution on the charges.
On August 4, 1988, an indictment was filed charging relator with one count of second degree murder (case number 328-015). On August 8, 1988, a bill of information was filed charging relator with three counts of aggravated burglary (case number 328-066). No subpoenas were sent to the relator notifying him of his arraignment on these charges. An alias capias was issued for his arrest in both cases because he failed to appear for arraignment. Relator was arrested on September 27,1988 and arraigned on October 14,1988, on the second two cases. On November 18, 1988, the relator’s motion to have the capi-as recalled and to have himself released from custody was denied. The state argued successfully at the hearing that there was just cause for the state’s delay in instituting prosecution in August, and the trial court found that relator should not have been released. The relator now comes before this court seeking his release from custody.
In State v. Girard, supra, this court noted that once the sixty day period of art. 701 has passed, the defendant must be released without a bond obligation even if charges are then instituted. In the instant case the relator was released by a magistrate after a status hearing. The state now argues that they proved just cause for their delay to the trial judge on November 18, 1988. We find, however, that just cause was not before the trial judge at the November 18, 1988 hearing. If the state objected to the release of relator in August, a writ should have been •taken at that time. Because relator was then being detained beyond the time period allowed in art. 701, and the state did not show just cause as to why the prosecution was delayed, the relator was properly released.
The second issue in the case is identical to State v. Darren Deverney, unpub. (88-K-2145, La.App. 4th Cir., October 31, 1988), where this court stated:
The State failed to accept charges within 60 days and defendant was released without bond pursuant to C.Cr.P. Art. 701. Defendant was not notified of arraignment; an alias capias was improper *991 ly issued; and the defendant is in jail on a $5,000 capias. This circumvents the mandante of C.Cr.P. Art. 701. The Orleans Criminal Sheriff is hereby ordered to release defendant without bond.
We find pursuant to Deverney, supra, and Girard, supra, the trial court erred in failing to release the relator.
Accordingly, it is hereby ordered that the Orleans Criminal Sheriff release defendant without bond.