539 So.2d 45 (1989)
STATE of Louisiana
v.
Dion VARMALL.
No. 88-KK-2918.
Supreme Court of Louisiana.
March 3, 1989.
PER CURIAM.
The application is granted.
When sixty days elapsed after relator's June 3, 1988 arrest for second degree murder and aggravated burglary without the filing of an indictment or bill of information as required by La.C.Cr.P. art. 701 B(1), the magistrate released defendant on August 3, 1988, although no motion for release had been filed and no hearing on just cause for the delay had been conducted.
Thereafter, the district attorney filed a grand jury indictment charging relator with second degree murder on August 4, 1988, and later filed a bill of information charging relator with aggravated burglary on August 8, 1988. Relator was arrested on September 26, 1988 on warrants based on the indictment and information.
The trial court denied relator's motion for release without bail, concluding that there was just cause for the delay in instituting prosecution. The court of appeal reversed, holding that a defendant must be *46 released without bail when prosecution has not been instituted within the sixty-day period, even if an indictment or information is thereafter filed. 534 So.2d 989. The court noted that the district attorney's failure to object to or seek review of relator's release without a hearing on August 3 precluded the subsequent raising of the issue of just cause after relator's rearrest.
When prosecution has not been instituted within the period specified in La.C. Cr.P. art. 701, the defendant may move for release without bail and is entitled to be released unless the district attorney shows just cause for the failure in a hearing conducted promptly after the filing of the motion. However, if prosecution is instituted after the statutory period has elapsed, but before the hearing is held, this court has held that the defendant is no longer entitled to be released without bail. State v. Guillory, 529 So.2d 12 (La.1988); State v. Cabanas, 524 So.2d 523 (La.1988); State v. Haynes, 444 So.2d 608 (La.1984).
In the present case, relator was released without bail before the institution of prosecution, and the issue is whether he may be rearrested for the same offenses after prosecution has been instituted.
Detention beyond the statutory period is illegal, but the illegality ceases when a significant judicial event subsequently occurs. In State v. Wallace, 392 So.2d 410 (La.1980), the defendant was released without bail after he was not brought before a judge within the seventy-two-hour period after his arrest, as required by La.C.Cr.P. art. 230.1. This court permitted the defendant's rearrest on the same charges because of the subsequent occurrence of a significant judicial event, the finding of probable cause at a preliminary hearing.
In the present case the illegality of detaining relator ended when prosecution was instituted, although the statutory period had already elapsed, and he was thereafter subject to being rearrested. The trial court properly denied his motion for release without bail.
Accordingly, the judgment of the court of appeal is set aside, and the judgment of the trial court is reinstated.
CALOGERO, Justice, dissenting.
I dissent from the Court's action today. I would prefer to grant the writ, take up the matter and decide the case after briefing and argument, which would allow a greater chance for a considered judgment. Without the benefit of a considered judgment, I express the following preliminary views.
When a defendant has been released from custody by judicial order under La.C. Cr.P. art. 701, he should be considered released on his personal bail undertaking. La.C.Cr.P. art. 336. Reconsideration of bail must then focus on the question of whether good cause exists for the court to "either increase or reduce the amount of bail, or require new or additional security." La.C.Cr.P. art. 321. That determination turns on the factors listed in La.C.Cr.P. art. 317 affecting the probability of the defendant's appearance at trial, not on the circumstances beyond the control of the state that may have prevented it from complying with Art. 701 in the first place.