11MURRAY, Judge.
On the application of the defendant we grant certiorari in order to consider the validity of the trial court’s denial of defendant’s motion to enlarge without bail. The defendant was arrested and charged with first degree murder and attempted first degree murder. When the State had not filed a bill of information or indictment after more than sixty days, the defendant was released pursuant to La.Code Crim.Proc. art. 701.
The defendant was rearrested on December 28, 1994, and charged by bill of indictment with second degree murder. He filed a motion to enlarge requesting release without bail. Following a hearing on December 29, 1994, the trial court denied the motion to enlarge, but ordered the defendant’s |2bond reduced from $250,000 to $225,000.
The defendant filed an application for writ of certiorari contending that the trial court erred in denying his motion to enlarge without bail. He cites State v. Girard, 524 So.2d 940 (La.App. 4th Cir.1988), citing State v. Howard, 523 So.2d 1330 (La.1988), in support of his position.
Both of these cases predated the Louisiana Supreme Court’s most recent pronouncement *1223 on this issue. In State v. Varmall, 539 So.2d 45 (La.1989), the Court held a defendant who has been released without bail pursuant to La.Code Crim.Proc. art. 701, who is subsequently rearrested for the same charges and against whom prosecution is instituted promptly, is not entitled to release without bail.
Defendant argues that because he was rearrested prior to the institution of prosecution Varmall does not control this situation. We disagree. Had Mr. Boniface been rearrested and prosecution not instituted, the provisions of art. 701 would apply. However, the illegality of detaining Mr. Boniface ended when he was charged by bill of indictment, a subsequent significant judicial event. See, State v. Wallace, 392 So.2d 410 (La.1980).
The decision of the trial court denying relator’s Motion to Enlarge is affirmed.

AFFIRMED.