VICTORY, J.*
hWe granted this writ application to address an issue in Orleans Parish Criminal District Court involving individuals arrested without a warrant not receiving a probable cause determination within 48 hours of arrest, as required by La. C. Cr. P. art. 230.2, and to clarify the duties of judicial officers pursuant to this article. After reviewing the record and the applicable law, we reverse the judgment of the magistrate court and find that, because this defendant did not receive the required probable cause determination within 48 hours of his arrest, he was entitled to immediate release on his own recognizance.
FACTS AND PROCEDURAL HISTORY
Defendant, Bruce Wallace, was arrested at 12:04 p.m., Monday, June 8, 2009, for possession of cocaine in violation of La. R.S. 40:967(C)(2). The police did not have a warrant for defendant’s arrest. Defendant was booked at 4:35 a.m. on June 9, 2009. According to the elected magistrate, Gerard Hansen, defendant’s paperwork, including the arresting officer’s affidavit of probable cause, came to the magistrate court at 3:00 p.m. on June 9, 2009. However, Magistrate Hansen did not make a probable cause determination within 48 hours of defendant’s arrest as required by La. C. Cr. P. art. 230.2. Instead, defendant appeared before Magistrate Hansen on June 11, |22009, at which time Magistrate Hansen made a probable cause determination, and also set defendant’s bond. At this hearing, defendant’s attorney moved for his release, citing the language of Article 230.2. Magistrate Hansen readily admitted that 48 hours had elapsed from the time of his arrest, but found the defect “cured” because defendant appeared before him within 72 hours for bond setting, an apparent reference to La. C. Cr. P. art. 230.1, and within 48 hours of when the proper paperwork for defendant’s arrest arrived in magistrate court on the afternoon of June 9, 2009. Furthermore, Magistrate Hansen stated that the “probable cause determination was made at the time he was arrested.”[1]
*722 |3Pefendant filed a writ application in the Fourth Circuit, which denied relief on July 2, 2009. State v. Wallace, 09-885 (La.App. 4 Cir. 7/2/09). Defendant then filed a writ in this Court, after which we ordered the state to respond and asked Magistrate Hansen to submit a per cwriam opinion. We granted defendant’s writ application. State v. Wallace, 09-KK-1621 (La.8/5/09), 17 So.3d 365.[2]
DISCUSSION
The United States Supreme Court has addressed the delay between a warrantless arrest and a probable cause determination made by a judicial officer in order to determine if probable cause existed for the arrest. In Gerstein v. Pugh, 420 U.S. 103, 113-14, 95 S.Ct. 854, 863, 43 L.Ed.2d 54 (1975), the Supreme Court held Florida procedures were unconstitutional because they allowed persons arrested without a warrant to remain in police custody for thirty days or more without a probable cause determination. In reaching this conclusion, the Court considered the states’ interest in protecting public safety by taking into custody those persons who are reasonably suspected of having engaged in criminal activity, even where there has been no opportunity for a prior judicial determination of probable cause. 420 U.S. at 112, 95 S.Ct. at 862. The Court also recognized that prolonged detention based on incorrect or unfounded suspicion may unjustly “imperil [a] suspect’s job, interrupt his source of income, and impair his family relationships.” Id., 420 U.S. at 114, 95 S.Ct. at 862. After balancing these competing interests, the Court concluded that the Fourth Amendment requires every state to “provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after |4arrest.”[3] Id., 420 U.S. at 125, 95 S.Ct. at 868. The Court offered *723 little direction on the timing of this step, stating only that the determination should be “prompt.” Id., 420 U.S. at 126, 95 S.Ct. at 869. In Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.E.2d 49 (1991), the Court addressed the timing issue and held that the judicial determination of probable cause cannot occur more than 48 hours from arrest unless a bona fide emergency or other extraordinary circumstances exist. The Court described the 48-hour requirement as follows:
Our task is to articulate more clearly the boundaries of what is permissible under the Fourth Amendment. Although we hesitate to announce that the Constitution compels a specific time limit, it is important to provide some degree of certainty so that States and counties may establish procedures with confidence that they fall within constitutional bounds. Taking into account the competing interests articulated in Gerstein, we believe that a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein. For this reason, such jurisdictions will be immune from systemic challenges.
This is not to say that the probable cause determination in a particular case passes constitutional muster simply because it is provided within 48 hours. Such a hearing may nonetheless violate Gerstein if the arrested individual can prove that his or her probable cause determination was delayed unreasonably. Examples of unreasonable delay are delays for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay’s sake. In evaluating whether the delay in a particular case is unreasonable, however, courts must allow a substantial degree of flexibility. Courts cannot ignore the often unavoidable delays in transporting arrested persons from one facility to another, handling late-night bookings where no magistrate is readily available, obtaining the presence of an arresting officer who may be | ¡¡busy processing other suspects or securing the premises of an arrest, and other practical realities.
Where an arrested individual does not receive a probable cause determination within 48 hours, the calculus changes. In such a case, the arrested individual does not bear the burden of proving an unreasonable delay. Rather, the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance. The fact that in a particular case it may take longer than 48 hours to consolidate pretrial proceedings does not qualify as an extraordinary circumstance. Nor, for that matter, do intervening weekends. A jurisdiction that chooses to offer combined proceedings[4] must do so as soon is reasonably feasible, but in no event later than 48 hours after arrest.
500 U.S. at 56-57, 111 S.Ct. at 1670.
In response to this decision, states quickly codified the 48-hour probable *724 cause determination rule. Louisiana’s enactment of the 48-hour rule is found in La. C. Cr. P. art. 230.2[5], which provides:
Art. 230.2. Probable cause determination; persons arrested without a warrant and continued in custody
A. A law enforcement officer effecting the arrest of a person without a warrant shall promptly complete an affidavit of probable cause supporting the arrest of the person and submit the same to a magistrate. Persons continued or remaining in custody pursuant to an arrest made without a warrant shall be entitled to a determination of probable cause within forty-eight hours of arrest. The probable cause determination shall be made by a magistrate and shall not be an adversary proceeding. The determination may be made without the presence of the defendant and may be made upon affidavits or other written evidence. A magistrate’s determination of probable cause hereunder shall not act as | fia waiver of a person’s right to a preliminary examination pursuant to Article 292.
B. If a probable cause determination is not timely made in accordance with the provisions of Paragraph A of this Article, the arrested person shall be released on his own recognizance. (Emphasis added.)
As can be seen, the above statute is particularly straightforward in mandating the release of a person arrested without a warrant for whom a probable cause determination has not been made within 48 hours of the that person’s arrest. However, in spite of this clear language, the Orleans Parish Criminal District Court consistently has had problems following the mandates of La. C. Cr. P. art. 230.2. Only six months ago, in State v. Charles, 09-0877 (La.4/22/09), 7 So.3d 1175, this Court issued the following;
Writ denied as moot. If the Commissioners of the Orleans Parish Criminal Court are not currently adhering to the constitutional guidelines set forth in County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), and codified into state law in La. C.Cr. P. art. 230.2, they should do so in the future. Absent a bona fide emergency or other extraordinary circumstance, probable cause determinations are to be held within forty-eight hours of arrest. Riverside, 500 U.S. at 56-7, 111 S.Ct. 1661. In addition, probable cause hearings should not be delayed for the purpose of gathering additional evidence to justify the arrest. Id.
Additionally, in recent months, the Fourth Circuit has reviewed several cases from Orleans Parish and ordered that defendants be released on them own recognizance under La. C. Cr. P. art. 230.2 because the Orleans Parish Criminal District Court system did not provide them with timely probable cause determinations. See State v. Miles, 09-0687 (La.App. 4 Cir. 05/27/09), unpub’d; State v. Gudiel, 09-0785 (La.App. 4 Cir. 6/19/09), unpub’d; *725 State v. Williams, 09-1032 (La.App. 4 Cir. 8/04/09), unpub’d; State v. Meredith, 09-1119 (La.App. 4 Cir. 8/17/09), unpub’d.
Ironically, in spite the above matters, the Orleans Parish Criminal District Court has adopted an even stricter rule whereby “absent extreme circumstances, the | Rearing shall take place within twelve hours from the time defendant is taken into custody.” La. Dist. Ct. Rules, Appx. 3, § 6(c). The hearing covered by the rule is referred to as a “first appearance” hearing, at which the magistrate is to conduct the following:
(a) Set bail
(b) Advise the defendant of the charges against him
(c) Advise the defendant of his rights under the Constitution of the United States and the Constitution and laws of the State of Louisiana
(d) Appoint counsel if the defendant is indigent
(e) Set a date and time for a status hearing
(f) Set a date and time for a preliminary hearing to determine whether there is probable cause that the defendant committed the offense with which he is charged. (The hearing shall be set on written motion by the defense, the District Attorney or by motion of the Court.)
(g) Additional duties and revision thereof are subject either to a determination by the Magistrate Judge or the Court En Banc.
(h) All forfeiture proceedings shall originate in the magistrate section.
La. Dist. Ct. Rules, Appx. 3, § 1. After setting forth a duty schedule for the magistrate and four appointed commissioners, the local rules specify the time sequence at which first appearance hearings are to proceed, as follows:
First appearance hearings shall proceed in the manner described below from the time of arrest:
(a) Arrest
(b) Booking at Central Lockup
(c) Defendant immediately transferred to Magistrate Section by the arresting officers for a first appearance hearing. Absent extreme circumstances, said hearing shall take place within twelve hours from the time the defendant is taken into custody.
La. Dist. Ct. Rules, Appx. 3, § 6. Although the Local Rules do not specifically include within the “first appearance” hearing the probable cause determination required by La. C. Cr. P. art. 230.2, in practice, it appears that is generally when the magistrate first considers whether probable cause existed for a warrantless arrest, along with the other pretrial procedures listed in the local rule. In fact, a reference to this required probable cause determination is found in the same section of the rules providing for a first appearance hearing, and states that “[i]f the Magistrate finds 1 ^probable cause, a minute entry should reflect the charge for which probable cause is found.” It was at such a first appearance hearing, conducted three days after his arrest, that the defendant in this case was denied release on his own recognizance in spite of an untimely determination of probable cause.
Under Gerstein, courts may choose to combine probable cause determinations with other pretrial proceedings, as is done in Orleans Parish. 420 U.S. at 124, 95 S.Ct. at 868. However, as clarified in Riverside, when the probable cause determination is combined with another pretrial proceeding, that combined hearing must take place within 48 hours of the arrest. Riverside, supra, 500 U.S. at 58-59, 111 S.Ct. at 1670-71. Further, the Supreme Court emphasized that “[t]he fact that in a *726 particular case it may take longer than 48 hours to consolidate pretrial proceedings does not qualify as an extraordinary circumstance” sufficient to prolong the required 48 hour period. Id., 500 U.S. at 57, 111 S.Ct. at 1670. Thus, while the Orleans Parish Criminal District Court is free to combine the 48-hour probable cause determination required by La. C. Cr. P. art. 230.2 with the other proceedings held at the first appearance hearing, if it does so, then, by law, this hearing must be held within 48 hours of the defendant’s arrest.
However, we note this practice makes the probable cause determination ripe for delay, as the procedures required of the 48 hour hearing are not as cumbersome as most other pre-trial procedures. For example, the Fourth Amendment does not require an adversary determination of probable cause. Gerstein, supra, 420 U.S. at 123, 95 S.Ct. at 868; La. C. Cr. P. art. 230.2(A) (the probable cause determination “shall not be an adversary proceeding”). In addition, the determination may be made without the presence of the defendant, making delays in the transportation of liiprisoners irrelevant. La. C. Cr. P. art. 230.2(A).[6] Finally, the determination may be made upon affidavits or other written evidence. Gerstein, supra, 420 U.S. at. 120, 95 S.Ct. at 866 (“probable cause to believe the suspect has committed a crime-traditionally has been decided by a magistrate in a nonadversary proceeding on hearsay and written testimony, and the Court has approved these informal modes of proof’); La. C. Cr. P. art. 230.2(A) (requiring the law enforcement officer arresting a person without a warrant to “promptly complete an affidavit of probable cause supporting the arrest of the person and [to] submit the same to a magistrate” and providing that “[t]he determination may be made ... upon affidavits or other written evidence”). Thus, all that is required is that the magistrate review the affidavit and other written evidence[7] provided by the law enforcement officer and make a probable cause determination as soon as reasonably feasible, but not later than 48 hours after the person’s arrest.
Upon review of Magistrate Hansen’s stated basis for denying defendant’s release, it is obvious that some misconceptions exist regarding the requirements of the 48-hour probable cause determination. Probable cause required under this rule is not determined at the time of arrest by the law enforcement officer; the Fourth Amendment clearly requires a judicial determination of probable cause when a person is arrested without a warrant. Ger-stein, supra. The time does not begin to run from the time the magistrate court is presented with the relevant documents, rather it begins to run when the person is arrested. La. C. Cr. P. art. 230.2. Further, the determination cannot be delayed in order to allow the collection of additional evidence to find probable cause, and, weekends and legal holidays are counted in the 48 hour time | inperiod. Riverside, supra. In addition, La. C. Cr. P. art. 230.2 applies to all cases in which a person is arrested without a warrant, including domestic violence cases. See State v. Miles, supra. Finally, a finding of probable cause made at a “first appearance” or 72-hour hearing does not “cure” the magistrate court’s failure to make a probable cause determination within 48 hours. To the extent the magistrate court and the State rely on State v. Varmall, 539 So.2d *727 45 (La.1989) and State v. Wallace, 392 So.2d 410 (La.1980), for this proposition, we find these cases to be inapplicable. Vamnall involved the failure of the state to institute prosecution within the time limits provided by La. C. Cr. P. art. 701 and Wallace involved the failure of the court to provide the 72-hour hearing required of La. C. Cr. P. art. 230.1 for the appointment of counsel. Neither involved the constitutional protections provided by the 48-hour probable cause determination. Further, those cases were decided before Riverside, when the U.S. Supreme Court made clear that the Fourth Amendment required a probable cause determination to be made within 48 hours of arrest. Those cases were also decided before La. C. Cr. P. art. 230.2 was enacted. Further, Riverside instructed that if a probable cause determination is combined with another pretrial procedure (such as the 72-hour hearing required by La. C. Cr.P. art. 230.1), that combined hearing likewise must take place within 48 hours. Finally, the idea that a violation of the 48-hour rule can be cured by a probable cause determination made after the 48 hours has expired ignores the clear language of the statute.
CONCLUSION
In sum, we find the magistrate did not comply with the requirements of La. C. Cr. P. art. 230.2. In order to regulate compliance with this rule, the Orleans Parish Criminal District Court must put rules and practices in place that comply with the requirements of La. C. Cr. P. art. 230.2, Riverside, and this opinion.
InDECREE
For the reasons stated herein, the judgment of the magistrate court is reversed. The Orleans Parish Criminal District Court is ordered to comply with the mandates of this opinion in ensuring that probable cause determinations required under La. C. Cr. P. art. 230.2 are being held within 48 hours of arrest. In the absence of a bona fide emergency or other extreme circumstances, all persons arrested without a warrant for whom a probable cause determination is not made within 48 hours must be immediately released from custody on their own recognizance.
REVERSED.
WEIMER, J., additionally concurs and assigns reasons.

 Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice Pro Tem-pore, participating in the decision.

. The transcript of the hearing records the following interchange:
[Counsel for the Defense]: Your Honor, but there was no probable cause determination within 48 hours.
By the Court: That's fine. Five thousand dollars bond. Probable cause determination is made when he comes to court. He’s *722 now in court. I read the gist. I have probable cause (sic).
rCounsel for the Defense]: But Your Honor, please note my objections. That determination must be made within 48 hours from arrest. Your Honor, the Louisiana Supreme Court recently overturned a Commissioner—
By the Court: They overturned a Commissioner in setting a 48 hour hearing on the gist, which they said was loo long. Setting a bond is 72 hours and the bond has been set.
[Counsel for the Defense]: But the probable cause determination was not made, Your Honor.
By the Court: You made your point. Go to the Supreme Court and tell them I'm wrong. If I'm wrong, I’ll be—
[Counsel for the Defense]: I’m just trying to make my record, Your Honor. The Louisiana Supreme Court has just in the last two months ordered Magistrate Court to comply with Riverside. Riverside requires that 48 hours — that it doesn't go beyond 48 hours for probable cause determination, and no probable cause determination was made within 48 hours in this case. There is no discretion on that.
By the Court: Probable cause determination was made at the time that he was arrested. If you want further probable cause determination, you do it after he appears before me. He's appeared before me within 48 hours but he was arrested 72 hours ago. I find there's probable cause. Have a seat sir. Let's go on.

. Although the defendant was arraigned on July 14, 2009 and the magistrate court no longer has jurisdiction over this case, we did not deny this writ application as moot as it "falls squarely within the ambit of the special exception permitting courts to consider moot issues that are capable of repetition, yet forever evading appellate review.” State v. Neisler, 93-1942 (La.2/28/94), 633 So.2d 1224, 1227.

. Notably, the Court held that a violation does not void a subsequent conviction, reasoning as follows:
Nor do we retreat from the established rule that illegal arrest or detention does not void a subsequent conviction. Thus, ..., al *723 though a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a probable cause determination.
Gerstein, 420 U.S. at 119, 95 S.Ct. at 865-66.

. This is a reference to the fact that under Gerstein, jurisdictions may choose to combine probable cause determinations with other pretrial proceedings, so long as they do so promptly. Riverside clarified that these combined proceedings must take place within 48 hours of arrest and necessarily are limited to those proceedings that arise very early in the pretrial process, such as bail hearings and arraignments. 500 U.S. at 58, 111 S.Ct. 1661.

. La. C. Cr. P. art. 230.2 was enacted by Act No. 674, § 1 of the 1992 Regular Session. Several jurisdictions require a probable cause determination in less than 48 hours. See Alaska Stat. § 12.25.150 (24 hours, with criminal penalties for non-compliance); Ariz. R.S.Crim. P. 4.1(a) (24 hours); Del.Code Ann. Tit. 11, § 1909 (24 hours); Fla. R.Crim. P. 3.130(a) (24 hours); MD Rules, rule 4 — 212(f) (24 hours); Minn. R.Crim. P. 4.02(5) (36 hours except Sundays and legal holidays); Mo.Rev.Stat. § 544.170 (24 hours, criminalizing non-compliance); N.H.Rev.Stat. Ann. § 594:20-a (24 hours except weekends and holidays). See also Riverside, supra, 500 U.S. at 59, 68-71, 111 S.Ct. 1661, Justices Stevens, Marshall, and Blackman, dissenting (approving of a 36-hour limit), and Justice Scalia, dissenting (suggesting a 24-hour time limit).

. Neither Gerstein nor Riverside required the determination be made in the presence of the defendant.

. This is apparently referred to in criminal court as "the gist.”