*687
 
 PER CURIAM.
 
 [1]
 

 | ,The stay of the ruling of the court of appeal dated October 24, 2011, is lifted and the same ruling is hereby reversed.
 

 The court of appeal erred by remanding this matter to the trial court for the state to provide an arrest warrant in a warrant-less arrest case. The defendant’s application to the court of appeal sought release from custody, not based upon the absence of a warrant, but based upon, defendant claims, the magistrates failure to timely determine whether probable cause to arrest him existed on charges of intimidating a witness. Specifically, in his application to the court of appeal, defendant invoked LSA-C.Cr.P. art. 230.2 (entitled “Probable cause determinations; persons arrested without a warrant and continued in custody”).
 

 However, the record reflects that within the 48-hour period required by LSA-C.Cr.P. art. 230.2, the magistrate considered whether probable cause existed to arrest defendant and considered other preliminary matters such as bail. As it concerns probable cause specifically, the record reflects that the state submitted an affidavit from the arresting officer, the magistrate read the affidavit into the record, and then the magistrate ruled: “All right, sir, because of the nature of the charges against you, |2because of the fact that you’re intimidating a witness, your bond is set at $20,000 on each count.” Although the magistrate did not use the words “probable cause” in his explanation to defendant, the conclusory statement “because of the fact that you’re intimidating a witness” indicates that the magistrate found that a showing of probable cause had been made.
 
 See Martin v. East Jefferson General Hosp.,
 
 582 So.2d 1272, 1279 n. 5 (La.1991) (“A trial judge need not use ‘magic words’ in order for his judgment to be accorded the appropriate deference.”).
 

 Although we find no equivocation or question in the magistrate’s quoted explanation to defendant, if there was any question about whether the magistrate found that there was probable cause to believe defendant had intimidated a witness, such question was resolved by the magistrate’s grant of a protective order for the witness. As the magistrate ruled in the very next sentence: “Definitely, a protective order. There’s no question about that.”
 

 Lastly, the handling of several preliminary issues — including probable cause— within one hearing is a practice we have expressly condoned in
 
 State v. Wallace,
 
 09-1621, p. 8 (La.11/6/09), 25 So.3d 720, 726 (“[Cjourts may choose to combine probable cause determinations with other pretrial proceedings, as is done in Orleans Parish.”).
 

 [1]
 

 . Kimball, C.J., not participating in the decision.