STATE OF LOUISIANA      *      NO. 2022-K-0084

VERSUS      *

SIDNEY CHENEAU      *      COURT OF APPEAL

     *      FOURTH CIRCUIT

     *      STATE OF LOUISIANA

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 596-360, SECTION "M-4"
Honorable Robert Blackburn, Commissioner
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Pro Tempore Judge Madeline Jasmine)

Jason Rogers Williams
District Attorney
Parish of Orleans
619 South White Street
New Orleans, LA 70119

Brad Scott
Assistant District Attorney
Parish of Orleans
619 South White Street
New Orleans, LA 70119

     COUNSEL FOR STATE OF LOUISIANA

Derwyn Bunton
Orleans Public Defenders
2601 Tulane Avenue, Seventh Floor
New Orleans, LA 70119

     COUNSEL FOR SIDNEY CHENEAU

**WRIT GRANTED; RELIEF DENIED**
**MARCH 22, 2022**

In this writ application, the State seeks review of the Magistrate Commissioner's decision to set a rule to show cause hearing pursuant to La. C.Cr.P. art. 701, absent a prior motion requesting release by the defendant Sydney Cheneau.  On review, we find that the plain language of La. C.Cr.P. art. 701 does not require a prior defense motion requesting release.  Setting a date for a contradictory hearing falls within the court's duty under La. C.Cr.P. art. 17 to require that criminal proceedings are conducted expeditiously and to control the proceedings to ensure that justice is done.  Additionally, we find that the State's reliance upon *State v. Varmall*, 539 So. 2d 45 (La. 1989) is inapposite, as the State's reliance is predicated upon *obiter dicta*.

Consequently, the Commissioner did not err in setting a rule to show cause hearing pursuant to La. C.Cr.P. art. 701.  The writ is granted and relief is denied.

**FACTUAL AND PROCEDURAL HISTORY**

Mr. Cheneau was arrested on charges of armed robbery with a firearm, possession of a firearm by a felon, and illegal carrying of a weapon.  Following his

arrest, he was brought before a Magistrate Commissioner to set bond. During that first appearance, the Commissioner also scheduled a rule to show cause date for sixty days from the date of that appearance. Sixty days is the time frame dictated by La. C.Cr.P. art. 701 for the district attorney to file a bill of information or indictment after the arrest of a defendant held in custody for a felony. The State orally motioned the court to not calendar the rule to show cause hearing.[1] The Commissioner denied that motion and the State filed the instant application for supervisory review.

**DISCUSSION**

*Standard of Review*

The "interpretation of a statute is a question of law, and therefore, is subject to *de novo* review." *Jean v. James River Insurance Company*, 19-0041, p. 3 (La. App. 4 Cir. 5/29/19), 274 So. 3d 43, 45 (citing *Benjamin v. Zeichner*, 12-1763, p. 5 (La. 4/5/13), 113 So. 3d 197, 201). "Legislative intent is the fundamental question in all cases of statutory interpretation; rules of statutory construction are designed to ascertain and enforce the intent of the statute." *Theriot v. Midland Risk Ins. Co.*, 95-2895, p. 3 (La. 5/20/97), 694 So. 2d 184, 186 (citing *State v. Piazza*, 596 So. 2d 817 (La. 1992)). What a legislature wrote in the text of a statute itself is "the best evidence of the legislative intent or will." *State v. Williams*, 00-1725, p. 13 (La. 11/28/01), 800 So. 2d 790, 800 (quoting NORMAN J. SINGER, STATUTORY CONSTRUCTION § 46:03, p. 135 (6th ed.2000)). "A statutory provision should

---

[1] In motioning, the State referred to reasons discussed in a previous matter, but not contained in the record herein.

2

be construed with the remaining portions of the statute, but more importantly, all statutes on the same subject matter should be read together and interpreted as a whole." *Lindy Development, L.L.C. v. Degan*, 03-1078, p. 5 (La. App. 4 Cir. 4/21/04), 874 So. 2d 252, 255 (citing *First Nat. Bank v. City of New Orleans*, 555 So. 2d 1345 (La. 1990); *Smith v. Cajun Insulation, Inc.*, 392 So. 2d 398 (La. 1980)).

*Assignment of Error*

Relator's sole assignment of error is that the Commissioner erred in setting a rule to show cause at defendant's first appearance without a defense motion requesting release pursuant to La. C.Cr.P. art. 701.

La. C.Cr.P. art. 701 concerns the right to a speedy trial and provides that, if the State fails to timely prosecute[2] a defendant, it "shall result in release of the defendant if, after contradictory hearing with the district attorney, just cause for the failure is not shown." Examining the language of the statute, no reference is made to a defense motion. The statute sets forth that release of a defendant who has not been prosecuted is mandatory if just cause cannot be shown for delay in a contradictory hearing with the district attorney. The only antecedent to release, according to the statute itself, is a contradictory hearing wherein the State must show just cause for its delay. The statutory text is an expression of the legislative

---

[2] The statutory time periods for filing a bill of information or indictment after arrest for defendants continued in custody are within thirty days of the arrest if the defendant is being held for a misdemeanor, within sixty days of the arrest if the defendant is being held for a felony, and within one hundred twenty days if the defendant is being held for a felony for which the punishment may be death or life imprisonment.

intent and, as written, does not reflect any intent to require a defense motion prior to the contradictory hearing.

Still, Relator argues that the Louisiana Supreme Court has interpreted La. C.Cr.P. art. 701 to require a defense motion before a release can be issued, citing to *State v. Varmall*, 539 So. 2d 45, 45 (La. 1989). In *Varmall*, a defendant was detained past the statutory timeframe without the filing of an indictment or bill of information. A magistrate ordered his release without a defense motion or a contradictory hearing. After his release, the district attorney filed an indictment and bill of information and the defendant was rearrested. The defendant then filed a motion for his release without bail, which the trial court denied, finding that there was just cause in the prosecutorial delays. The defendant subsequently sought supervisory review in the Fourth Circuit.

This Court ordered the defendant released, holding that the district attorney's office did not show just cause for its delays at the time of the defendant's initial release, therefore he was now entitled to release without bond. *State v. Varmall*, 534 So. 2d 989, 990 (La. App. 4 Cir. 1988). The Supreme Court reversed, holding that detention of the defendant beyond the statutory period ceased to be illegal when prosecution was instituted. *Varmall*, 539 So. 2d at 46.

Relator argues that *Varmall* requires a defense motion for release, emphasizing the Supreme Court's statement that "[w]hen prosecution has not been instituted within the period specified in La. C.Cr.P. art. 701, the defendant may move for release without bail and is entitled to be released unless the district

4

attorney shows just cause for the failure in a hearing conducted promptly after the filing of the motion." *Id*. However, the Supreme Court in *Varmall* stated that "the issue is whether [the defendant] may be rearrested for the same offenses after prosecution has been instituted." *Id.* This is distinct from the issue here, where the defendant was not released or rearrested, and prosecution was not instituted. The Supreme Court's analysis in *Varmall* focused on the institution of prosecution as a "significant judicial event" which permitted re-arrest and detention. Therefore, the language referencing the filing of a defense motion is mere *obiter dictum* and not binding in the present case.

Furthermore, in *Varmall*, the defendant was released without a contradictory hearing, which is clearly required by La. C.Cr.P. art. 701. This differs significantly from the matter *sub judice*, where the requisite contradictory hearing was scheduled.

Relator additionally argues that La. C.Cr.P. art. 230.1 authorizes only the appointment of counsel and the setting of bail at a defendant's first appearance.[3] However, La. C.Cr.P. art. 17 entrusts courts with the "duty to require that criminal proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done." Reading these statutory provisions together with the right to a speedy trial inherent in La. C.Cr.P. art. 701, it is apparent that setting a hearing date to safeguard the observance of

---

[3] The relevant text of La. C.Cr.P. art. 230.1, states "[a]t this appearance, if a defendant has the right to have the court appoint counsel to defend him, the court shall assign counsel to the defendant. The court may also, in its discretion, determine or review a prior determination of the amount of bail."

5

that right is within the court's authority to conduct criminal proceedings expeditiously and ensure that justice is done, as mandated by La. C.Cr.P. art. 17.

Lastly, Relator contends that the Commissioner's act in setting a hearing date removes the court from a position of neutrality. Relator does not cite to legal authority in support of this argument. The Commissioner's act provided each party with notice of the upcoming opportunity to argue their respective positions regarding bail and release, on the date legislatively determined to be the outer limit of lawful detention without prosecution. This act is not a relinquishment of neutrality. Rather, the setting of a hearing date is a neutral opportunity for each party to present their arguments.

**CONCLUSION**

For the reasons stated, we find that the Commissioner did not err in setting a rule to show cause at defendant's first appearance without a prior defense motion. Accordingly, the writ is granted and relief is denied.

**WRIT GRANTED; RELIEF DENIED**

6