**STATE OF LOUISIANA**      *       **NO. 2023-K-0768**

**VERSUS**                  *

                          **COURT OF APPEAL**

**PEYTON NELSON**         *

                          **FOURTH CIRCUIT**

                 *

                          **STATE OF LOUISIANA**

                 **\* \* \* \* \* \* \***

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 607-754, SECTION "M3"
Honorable Joyce Sallah, Judge
**\* \* \* \* \* \***
**Judge Tiffany Gautier Chase**
**\* \* \* \* \* \***

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge
Dale N. Atkins)


Angela Beam
Orleans Public Defenders
2601 Tulane Avenue
Suite 700
New Orleans, La 70119

      COUNSEL FOR DEFENDANT/RELATOR


Jason R. Williams
District Attorney
Brad Scott
Assistant District Attorney, Chief of Appeals
619 S. White Street
New Orleans, La 70119


      COUNSEL FOR STATE OF LOUISIANA/RESPONDENT


                               **WRIT GRANTED; RULING**
                                  **AFFIRMED IN PART;**
                                  **REVERSED IN PART**
                                  **DECEMBER 18, 2023**

Relator, Peyton Nelson (hereinafter "Mr. Nelson"), seeks review of the Orleans Parish Criminal District Court Magistrate court's November 14, 2023 ruling denying his motion for bond reduction. After consideration of the applicable law, we grant Mr. Nelson's writ, reverse the ruling of the magistrate court in part, and set aside Mr. Nelson's $10,000.00 bond as to his simple battery charge.

**Relevant Facts and Procedural History**

On October 31, 2023, Mr. Nelson was arrested by the New Orleans Police Department (hereinafter "NOPD") on three outstanding warrants. The warrants alleged facts that Mr. Nelson committed one count of simple assault and two counts domestic abuse battery child endangerment. At Mr. Nelson's first appearance, $10,000 bonds were set on each of the following: (1) one count of simple assault, in violation of La. R.S. 14:38; (2) one count of simple battery, in violation of La. R.S. 14:35; and (3) two counts of domestic abuse battery child endangerment, in violation of La. R.S. 14:35.3(I), totaling $40,000.00.

Mr. Nelson filed a motion for bond reduction on November 7, 2023. The magistrate court heard the motion on November 14, 2023 and denied relief. This timely application for supervisory review followed.

**<u>Discussion</u>**

The central issue before this Court is whether the magistrate court erred in failing to timely make a probable cause finding on Mr. Nelson's arrest for the simple battery charge. Mr. Nelson maintains that there was no corresponding warrant for a simple battery charge and the magistrate court erred by not making a probable cause determination, pursuant to La. C.Cr.P. art. 230.2, within forty-eight hours of his arrest.

The State of Louisiana (hereinafter "the State") contends that Mr. Nelson's argument lacks merit as he failed to make a "contemporaneous objection" immediately following his first appearance on October 31, 2023. The State admits that there was no warrant provided to the magistrate court to support Mr. Nelson's simple battery charge.

La. C.Cr.P. art. 230.2 provides:

A. A law enforcement officer effecting the arrest of a person without a warrant shall promptly complete an affidavit of probable cause supporting the arrest of the person and submit it to a magistrate. Persons continued or remaining in custody pursuant to an arrest made without a warrant shall be entitled to a determination of probable cause within forty-eight hours of arrest. The probable cause determination shall be made by a magistrate and shall not be an adversary proceeding. The determination may be made without the presence of the defendant and may be made upon affidavits or other written evidence, which may be transmitted to the magistrate by means of facsimile transmission or other electronic means. A magistrate's determination of probable cause hereunder shall not

2

act as a waiver of a person's right to a preliminary examination pursuant to Article 292.

B. (1) If a probable cause determination is not timely made in accordance with the provisions of Paragraph A of this Article, the arrested person shall be released on his own recognizance.

(2) Nothing in this Paragraph shall preclude the defendant's rearrest and resetting of bond for the same offense or offenses upon the issuance of an arrest warrant based upon a finding of probable cause by a magistrate.

La. C.Cr.P. art. 230.2 requires that when an arrest is made without a warrant, a probable cause determination shall be made within forty-eight hours of the arrest and shall be made by a magistrate. La. C.Cr.P. art. 230.2(A); *See also State v. Wallace,* 2009-1621*, pp.* 7-9 (La. 11/6/09), 25 So.3d 720, 725-26 (citations omitted). "Probable cause required under this rule is not determined at the time of arrest by the law enforcement officer; the Fourth Amendment clearly requires a judicial determination of probable cause when a person is arrested without a warrant." *Wallace*, 2009-1621, p. 9, 25 So.3d at 726. Mr. Nelson was arrested without a warrant on the charge of simple battery, thus the magistrate court was required to make a finding of probable cause within forty-eight hours pursuant to La. C.Cr.P. art. 230.2.

On October 31, 2023, Mr. Nelson was arrested, booked, and appeared before magistrate court for a first appearance. His arrest was predicated on three previously issued NOPD arrest warrants that were signed on May 27, 2023, August 26, 2023, and August 29, 2023. The warrants included evidentiary support for two counts of domestic abuse battery child endangerment and one count of simple assault. At the hearing on October 31, 2023, no evidence was presented to support a simple battery charge against Mr. Nelson and there was no probable cause determination made by a magistrate as required by La. C.Cr.P. art. 230.2.

However, when issuing Mr. Nelson's bond, the magistrate court set a $10,000.00 bond for simple battery.

Mr. Nelson filed a motion for bond reduction on November 7, 2023. The transcript reveals that the magistrate court was advised that no warrant had been issued for a charge of simple battery. Thus, without an underlying warrant, a magistrate had no legal basis to set a bond on the charge of simple battery without a determination of probable cause. We likewise find no merit to the State's argument that Mr. Nelson's failure to make a contemporaneous objection constitutes a waiver as the magistrate is statutorily required to make a finding of probable cause. Accordingly, we find that the magistrate court violated the forty-eight hour rule in failing to make a judicial determination of probable cause for the simple battery charge and failed to comply with the requirements of La. C.Cr.P. art. 230.2. [1]

#### Decree

Based on the foregoing, the ruling of the magistrate court denying Mr. Nelson's request for a bond reduction as to his simple battery charge is reversed and set aside. The magistrate court's failure to make a judicial determination within 48 hours of arrest, as required by La. C.Cr.P. art. 230.2, entitled Mr. Nelson to be released on his own recognizance as to the simple battery charge only. Accordingly, Mr. Nelson's $10,000.00 bond as to his simple battery charge is set aside.

**WRIT GRANTED;**
**RULING AFFIRMED IN PART;**
**REVERSED IN PART**

---

[1] A failure to comply with La. C.Cr.P. art. 230.2 does not prevent potential subsequent convictions. *See Wallace*, 2009-1621, p. 11, 25 So.3d at 727.

4